S. T. MISERVEY *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed April 20, 1904.*

1. SPECIAL TAXATION—*bill of cost required by statute cannot be dispensed with.* The certified bill of cost required by section 3 of the Sidewalk act of 1875, showing in separate items the cost of grading, materials, laying down and supervision, is the basis for the clerk's special tax list, and cannot be dispensed with, and a certified bill of the contract price per lineal foot is not sufficient.

2. SAME—*fairness of contract price not material where there is no bill of costs.* If a certified bill of the contract price of a sidewalk per lineal foot is substituted for the bill of cost required by the Sidewalk act of 1875, property owners, in order to defeat the tax, need not show the contract price was excessive, nor does proof that it was less than the value of the material and work aid the tax.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

GEORGE A. MASON, (WILLIAM J. DONLIN, of counsel,) for appellants.

FREDERICK W. PRINGLE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellants appeared in the county court of Cook county and filed objections to the application of the county collector for judgment for a special sidewalk tax levied against certain lots and parcels of land belonging to the appellants, under an ordinance adopted by the village of Oak Park. The ordinance provided for the construction of a plank walk particularly described in a former general ordinance which was made a part of the later ordinance, to be constructed and laid and materials furnished in accordance with the provisions of section 1 of an act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and

villages," approved April 15, 1875, (1 Starr & Cur. Stat. 1896, p. 857,) the cost thereof to be paid by special taxation of the lots and parcels of land contiguous to the proposed sidewalk, in proportion to the respective frontage of the lots on the walk. The ordinance, in obedience to the first section of the act, provided that the owner of any lot should be allowed thirty days after the adoption and publication of the ordinance in which to construct the sidewalk in front of his property, and thereby relieve his property from the special tax. These objectors did not construct sidewalks in front of their respective properties. Prior to the adoption of the ordinance the village of Oak Park entered into a contract with the firm of Goetter & Hillmann, in which it was agreed that said firm should be employed by the village, for the period of one year, to furnish all materials and labor and lay all plank sidewalks ordered to be laid by the village which should not be laid by the owners of the property, at and for the price of thirty-four cents for each lineal foot. The said firm, acting under said contract, after the expiration of the said thirty days which the appellants were given in which to lay the walk had expired, procured the materials, furnished the labor and completed the walks in front of appellants' properties, respectively, and the special tax sought to be here collected is for the cost of constructing said sidewalks under such contract.

Section 3 of the act relied upon to authorize the levy of this special tax, provides that if the owner of a lot fails to construct a sidewalk in front thereof, as required by the ordinance, the same shall be constructed by the village, and that the cost thereof may be collected by levying a special tax on the lot, in pursuance of the ordinance. Said section 3 further provides: "That a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, shall be filed in the office of the clerk of such city, town or village, certified to by the officer or board designated

by said ordinance to take charge of the construction of such sidewalk, together with a list of the lots or parcels of land touching upon the line of said sidewalk, the names of the owners thereof, and the frontage, superficial area, or assessed value as aforesaid, according as said ordinance may provide for the levy of said costs by frontage, superficial area or assessed value; whereupon said clerk shall proceed to prepare a special tax list against said lots or parcels, and the owners thereof, ascertaining by computation the amount of special tax to be charged against each of said lots or parcels and the owners thereof, on account of the construction of said sidewalk, according to the rule fixed for the levy of such special tax by said ordinance, which special tax list shall be filed in the office of said clerk." Section 4 of the same act makes it the duty of the clerk of the village to report in writing to such general officer of the county as may be authorized by law to apply for judgment against lands or lots delinquent for taxes or special assessments, all lots or parts of lots upon which such special sidewalk tax shall be unpaid. Section 5 of the act requires such general officer to apply for a judgment and order of sale of all lots on which such special tax shall be returned delinquent.

A certified bill of the cost of the sidewalk, showing in separate items the cost of "grading, materials, laying down and supervision" thereof, is the basis for a special tax list to be prepared by the clerk. It is intended for the protection of the owners of the property to be specially taxed, and is an indispensable step in the levy of a legal special sidewalk tax. (*Holland* v. *People*, 189 Ill. 348; *Craig* v. *People*, 193 id. 199; *People* v. *Smith*, 201 id. 454.) The village in the case at bar caused the sidewalks to be constructed by the said firm of Goetter & Hillmann at a contract price of thirty-four cents per lineal foot and filed the bill of costs with the clerk of the village accordingly. The bill did not, as the statute requires, show in separate items the cost of grading, materials,

laying down and supervision of the work, but only the amount paid by the village to the contractors per lineal foot.   This contract price may have been more than the cost of grading, materials, laying down and supervision, but it is immaterial whether it is more or less.   It is not required of the property owner to show the contract price was excessive in order to defeat the tax, nor would proof that the contract price was less than the value of the material and cost of the work avail to maintain the legality of the proceeding for a judgment for a special tax. The right to levy a special tax is purely statutory, and the statute requires that an itemized bill of the cost of the walk shall be filed.   This requirement is for the protection and benefit of the property holder and cannot be dispensed with and a certified bill of the amount contracted by the village per lineal foot substituted.   The property of the citizen may be legally charged only with its proportionate part of the actual cost of the materials used in the walk and a like proportionate part of the cost of grading, laying down and supervising of the work of putting down the walk, and the bill of costs must disclose these different items of the cost of the work in order to warrant the imposition of a special tax on the property of the citizen.

For the reason indicated herein the judgment of the county court must be and is reversed, and the cause will be remanded for further proceedings consistent with this opinion. *Reversed and remanded.*