THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer,

*v.*

C. L. PEYTON *et al.*

*Opinion filed February 21, 1905—Rehearing denied April 5, 1905.*

1. SPECIAL TAXATION—*city may contract for sidewalk to be constructed by it.* In special taxation, where the municipality undertakes the construction of sidewalks which the owners of abutting lots have failed to build, the municipality may let the work by contract; but the contract must specify separately the items for grading, materials and labor, so that the bill of cost contemplated by the statute may be prepared from the contract.

2. SAME—*a contract at so much per square foot is no basis for a bill of cost.* A contract made with a municipality for the construction of sidewalks at a certain price per square foot does not authorize the municipality to divide the contract price into items for grading, material and labor, so as to prepare a bill of cost based upon such items.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from an order of the county court of Cook county sustaining objections of C. L. Peyton and M. R. Peyton, appellees, to a special tax for the construction of a cement sidewalk, extended against three lots owned by them in the village of Morgan Park, in Cook county, and refusing judgment therefor.

The ordinance for the construction of the sidewalk was passed and approved in July, 1903. It provided that the sidewalk should be constructed under the supervision of the sidewalk committee, and that the whole cost thereof should be levied upon the lots or parcels of land touching upon the line of said sidewalk in proportion to their frontage upon such sidewalk. Prior to the passage of said ordinance, the village clerk was instructed by the village board to advertise for sealed proposals for the construction of all delinquent cement sidewalks ordered laid in the village of Morgan Park during

the fiscal year ending the third Tuesday of April, 1904. The proposal of Andrew C. Larsen was accepted by the board. He offered to furnish all material and labor to build the sidewalks and to maintain the walks in as good condition as when accepted for a period of five years after they should be completed and accepted, at the following prices:

"Price for excavating or filling pr. lin. foot of 5'4" walk..$.08¾
  Price for materials pr. lin. foot of 5'4" walk............ .55
  Price for laying down pr. lin. foot of 5'4" walk ......... .23

  Total.... ...................................$ .86¾"

or, in the alternative, at the equivalent price of 16¼ cents per square foot for labor, grading and materials. The village accepted the latter alternative of the bid, and entered into a contract with Larsen which provided that he should furnish all materials and labor required to build all concrete sidewalks ordered constructed by ordinances passed and to be passed by the president and board of trustees of the village for the fiscal year ending the third Tuesday in April, 1904, which might not be constructed by the owners of abutting property in accordance with the provisions of the ordinance therefor, and that Larsen should be paid out of the special tax when collected 16¼ cents per square foot for each square foot of cement sidewalk actually constructed by him and accepted by the sidewalk committee.

The sidewalk, of which that involved in this appeal was a part, was constructed by Larsen under that contract, and the village clerk prepared a bill of cost showing the cost of grading to be $231.17, cost of materials $1467.15, cost of laying down $613.50, and cost of supervision $94.84, a total of $2406.66, which, the clerk testified, he made up, except as to supervision, from the cost of the separate items as contained in Larsen's bid above set forth. This bill of cost was dated January 5, 1904, and was signed by the sidewalk committee, and $359.30 thereof was extended against the lots of appellees.

ENOCH J. PRICE, for appellant.

GAGE & DEMING, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Under section 293 of chapter 24, Hurd's Revised Statutes of 1903, where the owner fails to comply with an ordinance providing for the construction of a sidewalk along his property, the same may be constructed by the city, town or village, and if the municipality has contemplated, in the event of such failure, collecting the cost of the improvement from the owner by special taxation, the ordinance providing for the construction of the sidewalk must direct "that a bill of the cost of such sidewalk, showing in separate items the cost of grading, materials, laying down and supervision," shall be filed in the office of the clerk of the municipality, certified to by the officer or officers having charge of the construction of the sidewalk.

The contract under which the sidewalk in the case at bar was constructed was a general one, providing that the contractor, Larsen, should furnish all materials and labor required to build all concrete sidewalks ordered by the president and board of trustees for the fiscal year, excepting such as should be constructed by the owners of abutting property, the compensation to be 16¼ cents per square foot.

Objectors contend that where the municipality constructs the sidewalk, it cannot be done by contract. We see no objection to a contract providing for the construction of a sidewalk. The statute is as well satisfied by a contract made by the village which provides, for example, that another shall furnish the labor necessary to construct the sidewalk as it is by an arrangement whereby the village employs laborers or mechanics to do the necessary work at so much per hour or per day; but where the municipality, instead of buying the materials by the quantity and paying for labor and supervision by the day or hour, elects to make a contract by which labor and materials shall be furnished for a certain sum, the

contract must specify separately the sum to be paid for each of the items of grading, materials and laying the walk, so that from the contract itself the bill of cost contemplated by the statute can be prepared as to the three items last mentioned.

Here the contract was for 16¼ cents per square foot. The bid upon which the contract was made was in the alternative, setting out the various items for grading, materials and the labor of laying the walk at a certain price per lineal foot for a sidewalk five feet and four inches in width, or, in the alternative, the bid was for the equivalent by the square foot, viz., 16¼ cents for the three foregoing items. In making up the bill of cost recourse was had to the bid, and the items for grading, materials and laying the walk were obtained from that alternative proposition contained in the bid, which the village did not accept. It is impossible to know whether the village, at the time of making the contract, regarded the division of the cost of the walk made by that branch of the bid which it did not accept as a proper division or not. It elected to make the contract by the square foot, and having made that contract, could not properly say to the property owners that the cost, so far as they were concerned, was so much for each of the various items, but so far as the contractor was concerned was so much in the aggregate per square foot.

In *Miservey* v. *People,* 208 Ill. 646, it was said: "The right to levy a special tax is purely statutory, and the statute requires that an itemized bill of the cost of the walk shall be filed. This requirement is for the protection and benefit of the property holder and cannot be dispensed with and a certified bill of the amount contracted by the village per lineal foot substituted." If a bill of cost of so much per lineal foot is invalid, manifestly one by the square foot is equally so, and this objection cannot be obviated by the act of the officers of the village in dividing the contract price in such a manner as to make an apparent compliance with the statute when the

contract was in fact for one certain sum per square foot for everything necessary to complete the walk.

It is unnecessary to consider other objections made by appellees in the court below.

The judgment of the county court will be affirmed.

*Judgment affirmed.*