THE PEOPLE *ex rel.* David Hipsher, County Treasurer, Plaintiff in Error, *vs.* T. R. HENNESSY, Defendant in Error.

*Opinion filed April 23, 1908.*

SPECIAL TAXATION—*cost of all portions of sidewalks built by city must be included in bill of costs.* Under the Sidewalk act of 1875 the cost of all portions of the sidewalk constructed by the city under the ordinance must be included in the bill of cost in order that the tax may be computed in proportion to frontage, and it is not sufficient to make a bill of cost for the portion constructed in front of one lot and tax that lot for the full amount of such bill.

WRIT OF ERROR to the County Court of Lawrence county; the Hon. J. D. MADDING, Judge, presiding.

NOAH M. TOHILL, and S. J. GEE, for plaintiff in error.

GEORGE HUFFMAN, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

At the August term, 1905, the People, on the relation of David Hipsher, county collector of Lawrence county, plaintiff in error, made application to the county court of that county for judgment and order of sale against a lot in Hennessy's addition to the city of Lawrenceville, in said county, assessed to Hennessy, the defendant in error, for an alleged delinquent special tax levied against said property by said

city for the construction of a concrete sidewalk in front of said lot. Defendant in error appeared and filed objection to the application, which, upon a hearing, was sustained and judgment was entered denying the application. To review that judgment the record has been brought to this court by writ of error.

The city sought to construct the sidewalk in question by special taxation under the Sidewalk act of 1875, the tax to be levied upon lots abutting on the walk in proportion to their frontage. Certain of the owners of these lots elected to, and did, construct the walk in front of their respective properties. Certain others, including the defendant in error, failed or neglected to build any part of the proposed improvement. The ordinance designated the committee of the city council on streets and alleys to take charge of the construction of the sidewalk. The ordinance provided that this committee should make a bill of the cost of that portion of the sidewalk which was not built by the owners of the abutting property, which bill was to be by them certified to and filed with the city clerk, who should then proceed to prepare a special tax list against the lots along which the city had constructed or was about to construct the sidewalk, the amount to be charged against each lot to be ascertained by distributing the total of the special tax against the various lots in proportion to frontage. The streets and alleys committee, however, made a bill which only included the cost of that portion of the sidewalk which was in front of the property of defendant in error, and a special tax was then extended against his property for the entire amount of that bill. It does not appear by this record that any bill of cost was made showing the cost of the portion of the sidewalk constructed or to be constructed by the city other than that in front of the property of Hennessy. The bill of the cost should have covered and included the entire expense incurred or to be incurred by the city in building the portions of this walk not constructed by the property owners, so that

the total could be taxed against the various pieces of property in proportion to the frontage of the property, as required by the ordinance and as required in this instance by section 3 of the Sidewalk act of 1875, (Hurd's Stat. 1905, chap. 24, par. 293,) otherwise the provision that the tax be computed in proportion to frontage is rendered nugatory. The failure to make the bill of the cost in the manner provided by the ordinance and the statute was a substantial departure from the requirements of the ordinance and of the statute, and the objection to the tax was therefore properly sustained by the county court.

The judgment of the county court will be affirmed.

*Judgment affirmed.*