THE PEOPLE ex rel. Joseph Brockamp, County Collector, Appellee, vs. AMANDA BROWN et al. Appellants.

*Opinion filed December 17, 1913.*

1. TAXES—*any description enabling competent surveyor to locate tract is sufficient.* A description which is sufficient to enable any competent surveyor to locate the tract of land assessed is all that the law requires in the description of lands for the purposes of taxation.

2. SAME—*general appearance waives defects in published notice.* The purpose of the published notice is to advise the property owner that an application will be made for judgment for the delinquent tax or assessment, and if the property owner appears and files objections without limiting his appearance all defects in the notice are waived.

3. SAME—*what not an improper amendment to copy of assessment roll.* Under section 191 of the Revenue law, relating to amendments, it is not improper, on application for judgment and order of sale for a delinquent special assessment, to allow the copy of the assessment roll attached to the collector's warrant to be amended to correspond with the original roll by supplying the words "dollars and cents" at the head of the columns in which the several installments appear and also to insert the dollar sign and decimal point in the proper places.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

J. H. FORNOFF, and L. G. GRIFFITH, for appellants.

HARRY B. HERSHEY, State's Attorney, E. E. ADAMS, City Attorney, and W. B. MCBRIDE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county overruling objections and entering judgment for a delinquent special assessment for paving certain streets in the city of Taylorville against property owned by appellants and described in the delinquent list as follows: "Lot 6 in block 1 of Thompson's Add., 33½ ft. more or less, and strip 50 ft. wide lying immediately

south thereof 108½ ft. more or less, being in Barrett's Add.," assessed in the name of R. H. Brown. Amanda, Eugene and R. H. Brown appeared in the county court and filed objections to the rendition of judgment for said special assessment. The objections are that there is no lot 6 in block 1 of Thompson's addition to Taylorville, and that the remainder of the description is not sufficiently certain to give the court jurisdiction; that the published notice does not sufficiently describe the delinquent tax; that the judgment in the special assessment proceeding is void because of the defective description, and that the report filed by the city collector of the delinquent taxes is insufficient. All of these objections were overruled and judgment rendered against the property of the objectors for $47.65. To reverse this judgment the objectors have prosecuted this appeal.

The first objection raises the sufficiency of the description of the property. From a plat introduced in evidence it appears that on the 27th day of December, 1852, Louis E. Thompson laid out an addition known as Thompson's addition to the city of Taylorville. The plat shows that Main Cross street runs east and west, separating blocks 4, 5 and 6 on the north from the remainder of the addition, designated by the figures 1, 2 and 3, on the south. Webster street runs north and south on the east end of the division, and one block west is a parallel street, called Clay street. The property against which judgment was rendered is on the west end of that part of the addition designated by the figure "1." The plat shows that the lots in this addition are 50 feet wide east and west and 142 feet deep north and south. The Thompson addition extended only about 33 feet south of the south line of Main Cross street. This 33-foot strip was subdivided by the plat into short lots of 50 feet fronting on Main Cross street and 33½ feet deep north and south. A few days after the Thompson addition was laid out the land immediately south was platted

into blocks and lots in such way that the lots, blocks and streets corresponded to those of the Thompson addition. This addition is known as the Barrett addition to the city of Taylorville. The lots in the blocks which join to the 33-foot strip in the Thompson addition are each 50 feet east and west by 108½ feet north and south. It therefore requires the 108½ feet and the 33½ feet in the Thompson addition to make a full lot 50 by 142 feet, which is the size of the lots in the Thompson addition. Whether these plats were made in pursuance of some mutual agreement between Barrett and Thompson was not shown, but it is a reasonable inference that there was an understanding and co-operation between the owners in platting these additions so that they would properly join onto each other. In numbering the block and lot in which the property in question is located the figures are placed south of the dividing line,—that is, on the Barrett part of the plat. There are no figures to indicate the numbers of the portions of these lots that are in the Thompson addition. It was manifestly the intention of the parties that they should form a part of the lots numbered on the Barrett plat, and probably for that reason no numbers were assigned to the north ends of these lots. Literally, and strictly speaking, there is no lot 6 in block 1 in the Thompson addition, but there is a lot 6 and a block 1 which are made up partly by the Thompson plat and partly by the Barrett plat. The description here is, "Lot 6 in block 1 of Thompson's Add., 33½ ft. more or less, and strip 50 ft. wide lying immediately south thereof' 108½ ft. more or less, being in Barrett's Add." We think it is a fair and reasonable conclusion that it was the intention of the platters of these two additions to allow the lot and block numbers in the Barrett addition to control the 33½ feet contributed by the Thompson addition to the north ends of these lots. We come more readily to this conclusion from the omission to give any numbers to the fractional lots that properly belong to the Thompson plat,

and by the further circumstance that on the Thompson plat the entire lots are shown, that part south belonging to the Barrett plat being indicated on the Thompson plat by dotted lines. Considering the two plats together, the description of lot 6 in block 1 in Thompson's addition is entirely intelligible and would be sufficient to enable any competent surveyor to locate the land, and this is all that the law requires in the description of lands and lots for the purposes of taxation. (*McChesney* v. *City of Chicago,* 173 Ill. 75; *Sholl Bros.* v. *People,* 194 id. 24.) J. W. Dappert, an experienced civil engineer, testified that any competent engineer or surveyor could readily locate the land in question from the description given. The court did not err in overruling appellants' first objection.

Appellants next object to the published notice as being insufficient. Any objection that might have been taken to the form of the notice was waived by the general appearance of appellants and filing objections to the rendition of judgment. The purpose of the notice is to advise property owners that an application will be made for judgment. If the property owner appears in answer to the notice and files objections without limiting his appearance all defects in the notice are waived. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 Ill. 217.

It is next objected that the assessment roll and the return of the city collector to the county treasurer were defective because in the former the amount of the several installments of the special assessment were indicated by four figures, with no decimal point showing how much was dollars and how much cents. Thus, $46.11 was written "4611," and the words "dollars and cents" were not at the head of the column, nor were there any signs to indicate what these figures were intended to represent. These defects existed in the copy of the assessment roll that was attached to the collector's warrant. The objection pointed out to the return of the city collector is that the property

returned as delinquent is described in his return as given above, and that there is also an absence of the words "dollars and cents" to indicate how much the delinquency is. On the hearing of these objections the court permitted the collector's return to be amended by placing the dollar sign in front of the figures 46 and separating the 46 from the 11 by a decimal point, so that the figures as amended stand thus: $46.11. The court also permitted the assessment roll to be amended by writing the words "dollars and cents" at the head of the columns in which the several installments of the assessment appear, and in some other formal respects. The amendment to the city collector's report was made by the city collector under the direction of the court, and the original assessment roll was introduced, which showed that the objections pointed out to the copy attached to the collector's warrant did not exist in the original assessment roll. Section 191 of the Revenue law provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying and collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or assessment, and that any irregularity, informality, omission or defective act may be, in the discretion of the court, supplied or made to conform to the law by the court, or by the person, in the presence of the court, from whose neglect or default the same is occasioned. This section has always been liberally construed by this court in accordance with the manifest intention of the legislature. There was no error in permitting the correction of these irregularities. None of them in any way affect the substantial justice of the tax. *People* v. *Smith*, 149 Ill. 549.

There was no error in overruling the objections of appellants, and the judgment of the county court of Christian county is affirmed.      *Judgment affirmed.*