THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellee, *vs.* W. H. MOORE, Appellant.

*Opinion filed February 21, 1914.*

1. SPECIAL TAXATION—*bill of costs should be for cost of all portions of a sidewalk not constructed by property owners.* A bill of costs for a sidewalk constructed under one ordinance should include the entire expense incurred or to be incurred by the city in building the portions of the walk not constructed by the property owners, and it is not sufficient to make a bill of costs merely for the portion constructed in front of one lot and tax that lot for the full amount of the bill. (*People* v. *Hennessy,* 234 Ill. 14, followed.)

2. SAME—*extent of change, as to the bill of costs, made by the amendment of 1905.* The only change in regard to the bill of costs which was effected by the amendment of 1905 to the Sidewalk act of 1875 was to do away with the necessity of showing, by items, the cost of grading, materials, laying down and supervision, and to require only a showing of the cost of construction and supervision.

3. SAME—*special tax list is essential to validity of special tax.* A special tax list prepared by the city officers charged with the construction of a sidewalk is essential to the validity of a special tax under the Sidewalk act of 1875, as amended.

4. SAME—*warrants should be issued for collection of a special tax.* Before an application for judgment and an order of sale of property for a delinquent special tax can be maintained it is necessary that warrants be issued for the collection of such tax.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

GEORGE T. WALLACE, for appellant.

HARRY B. HERSHEY, State's Attorney, EDWARD E. ADAMS, City Attorney, and W. B. McBRIDE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county rendered against a lot of appellant in the city of Taylorville for a special tax levied against said lot for the construction of a concrete sidewalk in front

thereof. On the application for judgment and order of sale in the county court the appellant filed various objections, which were overruled by the court, which ruling of the court is assigned for error.

The sidewalk in question was constructed under a special ordinance passed by the city council of Taylorville, and in accordance with the provisions of said special ordinance and a general sidewalk ordinance formerly enacted by the city council of said city and still in force, said ordinances having been enacted pursuant to the Sidewalk act of the General Assembly of April 15, 1875, as amended by the act of May 18, 1909. (Hurd's Stat. 1911, chap. 24, pars. 291 *et seq.* p. 340.)

It is claimed, among other objections, that the statute and ordinance under which the sidewalk was built were not complied with, and that the special ordinance was defective in not providing for proper notice to the property owners. Objection No. 1 was that the bill of costs provided for by the ordinance and by the statute was defective. Objection No. 2 was that a special tax list was not prepared and filed. Objection No. 7 was that no warrant was issued for the collection of said taxes, and another objection was that the ordinance was unreasonable and oppressive. An examination of the record shows that many of these objections were well taken.

Section 2 of the Sidewalk act (Hurd's Stat. 1911, chap. 24, par. 292,) provides that the ordinance may require owners of lots to construct sidewalks in front of their respective lots within thirty days after the mailing of notice of the passage *of such ordinance.* The special ordinance which provided for the construction of this sidewalk required the walk to be constructed in accordance with the general sidewalk ordinance in force in said city, and said special ordinance provided, among other things, in section 2 thereof, as follows: "All owners of lots * * * may construct a sidewalk in front of their respective lots * * *

in accordance with the specifications of the general sidewalk ordinance and within thirty days after the mailing of notice by the city clerk of said city of the passage *of such general sidewalk ordinance."* The special ordinance in question was passed and approved June 17, 1912. The general sidewalk ordinance was passed on the 11th day of October, 1906, so that the notice could not have been given as required. The words in Italics above should be stricken out and the words "this ordinance" inserted, to make it correct.

As the case must be reversed on other grounds, it is unnecessary to discuss the question whether the defect in the special ordinance is cured by the provisions of the general sidewalk ordinance as to notice, or whether the two ordinances could be considered together.

Section 5 of the general ordinance, which is made a part of the special ordinance by the terms thereof following the provision of the statute in that regard, provided that the officers having charge of the construction of such sidewalk should make out a bill of costs of such sidewalk showing the cost of construction and supervision thereof, also a list of the lots or parcels of land touching upon the line of such sidewalk, the names of the parties who paid the last general taxes on such lots, and the frontage thereof. The only bill of costs was one for constructing the sidewalk in front of lot 12 in block 5,—the lot owned by appellant,—and that bill of costs did not give the cost of construction and supervision but only the cost per lineal foot. A similar bill of costs was held defective in the case of *People* v. *Hennessy,* 234 Ill. 14, in which case it was held that the bill of costs for a sidewalk constructed under the same law should have covered and included the entire expenses incurred or to be incurred by the city in building the portions of the walk not constructed by the property owners, and it was not sufficient to make a bill of costs for the portion constructed in front of one lot and tax that lot for the full amount of such bill.

Counsel for the appellee insist that the *Hennessy case* arose before the statute was amended by the law of 1905. The only change, however, in regard to the bill of costs is, that the law before the amendment required that the bill of costs should show, in items, the cost of grading, materials, laying down and supervision, while under the law as amended the bill of costs need only show the cost of construction and supervision, but the law is the same as to the requirement that the bill of costs should show the entire cost of the sidewalk.

It was also objected that no special tax list was prepared by the city officers charged with the construction of such walk, and no special tax list is shown by the record. This was essential to a valid assessment. *Biggins' Estate* v. *People,* 193 Ill. 601; *People* v. *Record,* 212 id. 62.

It was further objected that no warrants were issued for the collection of the tax. From the evidence of the city clerk it appears that the only papers that had been filed in connection with this tax were the defective bill of costs, the delinquent list, the special ordinance, the notice to build the walk and a remonstrance from the appellant. These warrants should have been issued as required by law. (*People* v. *Record, supra.*) In a proceeding of this kind the requirements of the statute must be strictly complied with. *People* v. *Cherry,* 256 Ill. 582.

On the objection as to the reasonableness of the ordinance the evidence as to the condition of the old sidewalk and necessity for the new one is conflicting, but as the judgment must be reversed because of the failure of the county court to sustain the other objections it is not necessary to consider that objection here.

The judgment will be reversed and the cause remanded to the county court of Christian county, with directions to set aside the judgment and to sustain objections 1, 6 and 7 as filed. *Reversed and remanded, with directions.*