THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellee, *vs.* W. H. MOORE, Appellant.

*Opinion filed December 16, 1914.*

1. SPECIAL TAXATION—*when supervision of a sidewalk is controlled by general ordinance.* Where a general sidewalk ordinance provides that sidewalks shall thereafter be constructed under the general supervision of the city engineer and sidewalk committee, and a subsequent special ordinance for a sidewalk merely provides that the work shall be done under the Sidewalk act of 1875 as amended in 1905, without mentioning any officer or board to supervise the work, the supervision of the sidewalk is controlled by the general ordinance.

2. SAME—*what a compliance with statute as to filing a special tax list.* The provision of the Sidewalk act requiring a special tax list to be prepared by the officer or board having charge of the construction of the sidewalk and filed in the office of such officer or board is complied with where the list is filed, as required by the special ordinance, in the office of the city engineer, who, with the sidewalk committee, had charge of the construction of the walk; and the fact that a copy of the list is filed in the office of the city clerk does not affect the situation.

3. SAME—*when bill of costs is sufficient.* A bill of costs showing, in separate items, the cost of excavating, cost of materials and the cost of laying down and supervision of the work sufficiently complies with the Sidewalk act as amended in 1905, requiring the bill of costs to show the "cost of the construction and supervision" of the sidewalk.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

GEORGE T. WALLACE, for appellant.

EDWARD E. ADAMS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county overruling appellant's objections and rendering judgment upon the application of the county collector against a lot of appellant in the city of Taylorville

for the cost of a sidewalk built by the city authorities after notice to and refusal by appellant to build the walk pursuant to the statute and a special ordinance.

On October 11, 1906, the city council of the city of Taylorville passed what is called a general sidewalk ordinance under the act of the legislature of 1875, which ordinance provided that after its passage, sidewalks, unless otherwise specially ordered, should be constructed by special taxation, three-fourths of the cost to be paid by the abutting property owners and one-fourth by general taxation, and that for each sidewalk to be so constructed a special ordinance should be passed describing the width, material and manner of construction. June 17, 1912, the city council passed a special ordinance requiring the construction of the sidewalk upon which appellant's property abutted and he was notified to build it. Failing to do so, the city built the same and taxed the costs of its construction to appellant's property. He failed to pay the tax and the collector made application to the county court for judgment and order of sale. Appellant filed objections, but the county court overruled them and rendered judgment against the property for the tax, from which judgment appellant prosecuted an appeal to this court, where the judgment was reversed for error of the county court in overruling three of appellant's objections and the cause was remanded, with directions to the county court to sustain said three objections. (*People* v. *Moore,* 261 Ill. 549.) The three objections we held the county court should have sustained were, (1) that the bill of costs required by the statute and ordinance was defective, in that it stated the cost per lineal foot instead of the cost of "construction and supervision," as required by the statute; (2) no special tax list was prepared and filed; (3) no warrant was issued for the collection of said tax. The special ordinance under which the walk was constructed and the tax levied, provided for the construction of the walk within thirty days after the mailing of notice

by the city clerk of the passage "of such general sidewalk ordinance." We held the special ordinance was defective in that respect and should have given the property owner thirty days' notice after the passage of the special ordinance, using the words "this ordinance" instead of "such general sidewalk ordinance." After the former decision the city council, under the authority of the Sidewalk act as amended in 1905 and 1907, (Laws of 1905, p. 89; Laws of 1907, p. 200;) passed a new ordinance under which a new tax was made and returned, and such proceedings were had that the county court, over appellant's objections, rendered judgment for said tax, and this appeal is prosecuted from that judgment.

On the former appeal appellant contended the special ordinance was void and again makes the same objection. The effect of our former decision was that the ordinance was not void but was defective in the respect pointed out, and that question is not now open for consideration. The only questions proper for our consideration on this appeal are such as are raised under the special ordinance passed after the reversal of the former judgment.

By section 2 of the Sidewalk act the city council may provide that the construction of a walk, under the provisions of that act, shall be under the supervision of and subject to the approval of some officer or board of the city to be designated in the ordinance. The general sidewalk ordinance of 1906 provided that sidewalks should be constructed under the general supervision of the city engineer and sidewalk committee. The special ordinance under which the walk was constructed required the work to be done "under and by virtue of the Sidewalk act of 1875, as amended in 1905," but made no specific mention of any officer or board who should have charge of the work. The construction of the walk was therefore under the supervision of the city engineer and the sidewalk committee.

Section 3 of the statute provides that a bill for the cost of the sidewalk, showing the cost "of the construction and supervision thereof," shall be made by the officer or board designated to take charge of the construction of the walk and the cost levied as a special tax against the property. The officer or board is required to prepare a special tax list against the property, which is to be filed in the office of said officer or board, whereupon warrants are to be issued to the collector for the collection of the special tax. The ordinance provides that the special tax list here involved should be filed in the office of the city engineer and a copy in the office of the city clerk. It is objected that this is not a compliance with the statute. We think the objection not tenable. Filing the list in the office of the engineer was a sufficient compliance with the statute. Filing a copy of it with the city clerk was in addition to the statutory requirements.

It is also objected the bill of costs filed was insufficient and not in compliance with the requirements of the law. The bill shows in separate items the cost of excavating, cost of materials and the cost of laying down and supervision of the work. The original act of 1875 required the bill of costs to show in separate items the cost of grading, materials, laying down and supervision. As amended in 1905 the act requires a bill of costs to be made "showing the cost of the construction and supervision thereof." The bill of costs was sufficient under the act as amended.

Some other objections of a technical character are made to the sufficiency of the bill of costs and also to the tax list filed, but in our opinion they are without merit.

The judgment of the county court is affirmed.

*Judgment affirmed.*