THE PEOPLE *ex rel.* Andrew J. Dailey, County Collector, Appellee, *vs.* WALTER L. Ross, Receiver, Appellant.

*Opinion filed February 16, 1916—Rehearing denied April 6, 1916.*

1. TAXES—*records of county board may be amended although there is a new clerk.* The county board may amend its records at any time according to the fact or direct the clerk to amend them, even though they have once been approved and though there is a new clerk; and this right to amend is not dependent upon section 191 of the Revenue act but is common to legislative and collective bodies generally.

2. SAME—*when memorandum is sufficient to show that county board approved the road and bridge levies.* A memorandum by the county clerk showing a motion and vote of the county board "to accept the road and bridge levies" is a sufficient basis for an amendment of the record showing the approval of the levies by the county board, the use of the word "accept" being evidently the mistake of the clerk.

3. SAME—*Roads and Bridges act of 1913 requires a hard road tax levy to be certified directly to county clerk.* The Roads and Bridges act of 1913 requires the commissioners of highways to levy an annual hard road tax in accordance with the vote at the election and to certify the same directly to the county clerk, and

the filing of the original certificate with the town clerk and a certified copy with the county clerk, in accordance with the old law, does not authorize the county clerk to extend the tax after the act of 1913 went into effect.

4. SAME—*court will not assume that tax to pay bonds is illegal.* One objecting to a tax to pay bonds issued for a certain described improvement in a city must prove that the city was without authority to issue the bonds, and if there is nothing in the record to show that fact the court will not assume that the tax was illegal.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

M. A. TIPSWORD, C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

R. G. HAMMOND, State's Attorney, CHARLES C. LEE, L. T. YEARGIN, and T. N. COFER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Walter L. Ross, receiver of the Toledo, St. Louis and Western Railroad Company, filed his objections to the entering of judgment against his property in the county court of Coles county for the taxes for the year 1914 alleged to be delinquent. All of his objections were overruled and judgment was entered against his property as such receiver.

The first objection urged in this court is that the county clerk extended against the property of said railroad company the road and bridge taxes of the towns of East Oakland, Morgan, Seven Hickory, Charleston, Lafayette and Pleasant Grove without any legal authority therefor from the county board of said county, as there was no record of the county board showing its approval of the amount of taxes certified by the commissioners of said towns as necessary for the proper construction, maintenance and repair of roads and bridges for the year 1914. There was no such record when appellant's objections were filed, and had the record continued in that condition the town taxes

aforesaid would have been void. On the hearing of the objections in this case it was proved that the county board, at its June meeting, 1915, adopted a resolution by unanimous vote reciting that at the September meeting of the board the highway commissioners of every one of the said towns had certified their respective levies for road and bridge purposes to the county clerk, and that a resolution of the board (recited in its June resolution) approving the taxes and amounts levied for all of said towns was offered and duly passed by the board at its said September meeting, but that the same was not of record because the clerk had failed to record it. It was further resolved by the board that the record of its September, 1914, meeting be amended by inserting therein a copy of the resolution so adopted at the September meeting, and the resolution was unanimously adopted and the record was so amended. The record as amended was admitted by the court over the objection of appellant. It is not contended that the record as amended does not cure the defect, but it is argued that the clerk had no right to amend the record as he was not clerk at the September meeting, and that as no such record was actually in existence at the time the taxes were extended the clerk had no right or power to extend the taxes. Precisely the same questions were raised on a record made at the same time and in the same court in the case of *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195. It was noted by this court in that case that the supervisor's amended record was not made by the clerk by leave of court but that the amendment was the act of the county board. It was held in that case that a collective body having a clerk authorized by law to keep its records has control of them, and may amend them at any time according to the facts, or direct the clerk to amend the same, even if they have once been approved, and that the right to make such amendment does not depend upon section 191 of the Revenue act but is common to legislative bodies and

collective bodies generally. Jennie S. Boulware, the former county clerk in September, 1914, was produced as a witness, and she exhibited a memorandum she had made concerning the September resolution, showing a motion and a vote of the board at that meeting "to accept the road and bridge levies." While the memorandum used the word "accept" instead of the word "approve," the mistake was evidently hers, and the memorandum is sufficient proof that the board did act upon the certificates of levy at the September meeting. The court properly ruled that the amended record was admissible to show that the board had approved the amount of taxes certified to it at its September term.

Another objection of appellant is to the hard road tax of East Oakland township, that the county clerk had no legal evidence of the levy of a hard road tax by the commissioners of highways of said town and was therefore without authority to extend said tax. The facts in the record are that a hard road tax at the rate of one dollar a year for a period of five years was voted in said township at a town meeting held on the first day of March, 1913. The commissioners of highways made a certificate of levy dated April 19, 1913, for the full five years and filed the same with the town clerk. On the same day the town clerk certified a copy of said certificate of levy to the county clerk of Coles county, which was filed in the office of the county clerk April 21, 1913. On the first of July, 1913, the legislature made a complete revision of the Roads and Bridges act then in force, including the Hard Road Tax law. Some of the sections of the old law were re-enacted in the new law of 1913 but the old law was expressly repealed without any saving clause. Section 1 of the old Hard Roads law was re-enacted by the new law with very slight changes. Under the old law the commissioners of highways were required to levy a tax in accordance with the vote and certify the same to the town or district clerk, who was then required to certify the amount voted to the county clerk, who

then was required to extend the amount certified on the tax books for the current year. Under section 110 of the present law it is the duty of the commissioners of highways to levy an annual tax in accordance with the vote and to certify the same directly to the county clerk and to cause a copy of said levy to be filed in the office of the town or district clerk. Under this certificate, by the new law, the county clerk is authorized to extend the taxes. Where a statute is expressly repealed but portions thereof are re-enacted in the repealing statute, the rule is that the old law is re-enacted at the same instant that it is repealed and that the old law remains the same and is controlled by the same rules of construction as it was in the former statute, and the parts that are repealed and not re-enacted are no longer the law in the absence of any saving clause. There was no time fixed in either the old or the new law for the filing of the certificate of levy with the county clerk. While the vote had under the old law upon a proposition to levy a tax for hard roads in said town was valid, still, under the new law, before the county clerk could extend the taxes legally there should have been on file in his office a certificate by the commissioners of highways certifying the levy direct to the county clerk. This requirement not having been complied with, the county clerk was without authority to extend the tax and the court erred in rendering judgment for the hard road taxes against appellant's property. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 265 Ill. 634; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 id. 63.

The tax levy ordinance of the city of Charleston contained an item of $8000 levied "for the payment of bonds issued on the improvements of Tenth street and Madison avenue, in said city, said bonds maturing in January, 1914, and amounting to $8000." The objection made by appellant to the taxes levied for the payment of said bonds is, "that the city council was without authority to levy any tax to pay bonds issued to anticipate the collection of the

272 – 19

deferred installments of the assessment for the cost of the local improvements of Tenth street and Madison avenue. The issuance of such bonds created no liability on the part of the city of Charleston, and the city nor the city council cannot in any way make the city liable for the payment of such bonds or the interest thereon." It is stated by appellant in his brief and argument that said bonds were issued to anticipate the second and succeeding installments of a special assessment levied to pay the cost of said improvements. It is argued by appellant that said bonds can only be paid out of the assessments or special taxes levied against the property owners under the Local Improvement act. The propositions of law urged by appellant are correct, but there is no proof in the record that said bonds were issued to anticipate the collection of special assessments levied against the property contiguous to said streets. So far as can be ascertained from the record, these bonds may have been issued to anticipate the collection of the portion assessed against the city as public benefits if said improvements were constructed under the provisions of the Local Improvement act. The entire improvement may have been made by the city and the payment therefor provided for by the issuance of these bonds, so far as the record shows. The burden is upon the appellant to show that the taxes objected to are illegal, and this court cannot assume from this record that the taxes levied for the payment of said bonds are illegal for the reasons alleged by appellant.

The judgment of the county court is affirmed except as to the hard road tax of East Oakland township, and as to that tax the judgment is reversed.

*Affirmed in part and reversed in part.*