(No. 11059.—Reversed and remanded.)

THE PEOPLE *ex rel.* P. A. Schultz, County Collector, Appellant, *vs.* THE GEORGE MOENCH ESTATE, Appellee.

*Opinion filed February 21, 1917.*

1. TAXES—*the report of the special assessment collector may be amended on the collector's application for judgment.* The report of the special assessment collector required to be made on or before April 1 by section 65 of the Local Improvement act may be amended on the application for judgment and order of sale for delinquent assessments, notwithstanding such application is made after April 1.

2. SAME—*objections are waived where not made in time to be obviated by amendment.* Objections to a special assessment which could have been obviated by amendment will be considered waived if not made in the trial court in time for the amendment to be made.

3. SAME—*warrant must have been issued for collection of special assessment before application can be made for judgment.* An application for judgment and order of sale for a delinquent special assessment cannot be maintained until a warrant shall have been issued for the collection of the assessment.

4. SAME—*clerical error in date of warrant may be corrected.* Where through a clerical error the city collector's warrant is described in the return as of a date later than the filing of the county collector's application for judgment, the error may be corrected in the trial court and will be deemed waived if not called to the trial court's attention.

APPEAL from the County Court of Schuyler county; the Hon. JOHN C. WORK, Judge, presiding.

G. B. STEELE, State's Attorney, and T. E. BOTTENBERG, for appellant.

L. A. JARMAN, and H. M. BILLINGSLEY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant filed in the county court of Schuyler county, at the June term, 1916, a delinquent list with his application for judgment and order of sale against the property

described in said delinquent list for special assessments, etc. With said delinquent list he filed the report and oath of the city collector of the city of Rushville, in said county, showing a list of properties on which assessments levied by said city under and by virtue of the Local Improvement act had not been paid. Objections were filed by appellee. The court sustained the first objection, overruled all other objections and refused judgment against appellee's land. This appeal challenges the correctness of that judgment.

Appellee's first objection was that the report of the special collector for paving district No. 3, in said city, to the county collector is not such a report as would justify the court in rendering judgment against his lots. Appellant obtained leave to amend the delinquent list and the return and oath of said special collector. The amended report gave a list of all the lands and lots on which he had been unable to collect special assessments on warrants in his hands; a brief description of the nature of the warrants received by him authorizing the collection of the assessments; the oath of the collector of said city that the same is a correct return and report, that he is unable to collect the same, and that he has given notice that such warrant has been received by him for collection, as provided by section 65 of the Local Improvement act. (Hurd's Stat. 1916, p. 482.) No further objection was made by appellee to the special collector's report as amended.

It is argued by appellee that the report and oath required by said section 65 must be made on or before April 1, and that even though the report as first filed has been properly amended, it is insufficient because said amendment was not made on or before April 1. It has been held by this court that under section 191 of the Revenue act, relating to amendments, it is proper to allow the report of the special assessment collector to be amended on application for judgment and order of sale for delinquent special assessments. Such amendment must necessarily be after April 1,

as applications for judgments and orders of sale are never made before the June term. (*People* v. *Brown,* 261 Ill. 73; *People* v. *Green,* 158 id. 594.) The report and oath of the city collector were properly amended, and the amendment cured whatever defect existed in the original return made by him to the county collector. If there was any further objection by appellee to the report after it was amended the objection should have been specifically made, and all further objections not made which could have been obviated by an amendment must be considered as waived. *Mix* v. *People,* 106 Ill. 425.

A further objection is argued in this court that the city collector's warrant is described in the return as of date of July 22, 1916,—a later date than the time of filing the application for judgment. An application for judgment and order of sale of property for a delinquent special assessment cannot be maintained until a warrant shall have been issued for such collection. (*People* v. *Moore,* 261 Ill. 549.) The record and abstract show that the warrant required by law to be issued to the city collector was, in fact, issued under date of July 22, 1915, showing clearly that the date given in the city collector's amended return was a mere clerical error, which could easily have been obviated by amendment had it been called to the attention of the trial court. No such objection being made in the trial court the same was waived, as aforesaid, and by reason thereof no such objection can be urged in this court.

There is a further objection that appellant has not made any assignment of errors argued upon the record. Upon examination we find that the record does contain such assignment of errors. There are no cross-errors assigned.

The judgment of the county court is reversed and the cause remanded, with directions to overrule the objection of appellee and render judgment and order of sale against the lands described in the delinquent list.

*Reversed and remanded, with directions.*