(No. 16403.—Judgment affirmed.)

THE PEOPLE *ex rel.* Osro Shirk, County Collector, Appellee,
 *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY
 COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*statute requiring aye and nay vote of county board is mandatory.* The statute requiring an aye and nay vote in matters of tax levy by county boards of supervisors is mandatory.

2. SAME—*the records of official bodies may be amended to speak the truth.* Any legislative or collective body having a clerk employed or authorized to keep its records may amend such records so as to speak the truth as to what occurred at official meetings.

3. SAME—*parol evidence is admissible to show that amendment of record speaks the truth.* Parol evidence is admissible for the purpose of showing whether or not a record as amended in a tax proceeding does, in fact, speak the truth.

4. SAME—*when amendment of record is sufficient to show aye and nay vote of county board.* An amendment of the record of the action of a county board in levying taxes showing an aye and nay vote is sufficient when adopted by a written resolution of the board and introduced in evidence in the county collector's proceeding, notwithstanding the fact that the amendment has not yet been made in the county record book.

APPEAL from the County Court of Massac county; the Hon. FRED SMITH, Judge, presiding.

HELM & HELM, (HOMER T. DICK, of counsel,) for appellant.

WALTER ROBERTS, State's Attorney, and H. A. EVANS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a tax case. Appellant filed its objections in the county court of Massac county to a judgment for delinquent county tax against its property for the year 1923 in the amount of $2037.71. The ground of the objection was that the board of county commissioners of Massac county, at its September, 1923, meeting, failed to comply with the

provisions of section 45 of chapter 34 of the Revised Stat-
utes, requiring "the vote on all propositions to appropriate
money from the county treasury shall be taken by ayes and
nays and entered on the record of the meeting;" that the
appropriation and levy were not adopted by an aye and nay
vote.   Subsequent to the filing of this objection the board
of county commissioners adopted by an aye and nay vote
on June 16, 1924, the following written resolution of amend-
ment of the record of the September, 1923, meeting:

"On motion by J. D. Angelly and seconded by A. A. Kruger,
it is ordered by the board of county commissioners that the rec-
ord of their meeting held on the 17th day of September, 1923, in
the adoption of the levy and appropriation for county purposes, be
amended to show that the said levy was voted upon by the com-
missioners, showing the yeas and nays thereon, by the insertion
of the following words: 'On motion and second, the above levy
and appropriation was adopted, as follows: Yeas: W. V. Rush,
C. F. Walbright and J. D. Angelly. Nays: none,' in line 16 on
page 164 of county commissioners' record 'H,' after the words
'light and water, $300.'

"The above motion was adopted as follows: Yeas, C. F. Wal-
bright, J. D. Angelly and A. A. Kruger, commissioners.

                    Aye, C. F. WALBRIGHT, *Chairman.*    .
                    Aye, A. A. KRUGER,
                    Aye, J. D. ANGELLY,
                              *County Commissioners.*"

Oral testimony was admitted on the hearing of this
cause showing that the amendment adopted by the county
commissioners on June 16 spoke the truth as to what oc-
curred at the September, 1923, meeting of the commission-
ers, and the court admitted the written resolution of June
16, 1924, and overruled appellant's objections to the tax.
Appellant contends that this was error; that the provision
of section 45 of chapter 34 requiring a vote on all propo-
sitions to appropriate money from the county treasury be
taken by an aye and nay vote and entered on the records
of the meeting is mandatory; that a failure so to do is
fatal to the validity of the tax.   It is also contended that
the amendment adopted in June, 1924, did not show the

adoption of the county levy to be by an aye and nay vote; that while it purported to amend the record of the September meeting it did not do so.

A considerable portion of the briefs is devoted to the proposition that the provision of the statute with reference to an aye and nay vote in matters of tax levy by county boards is mandatory. It has been so held by this court, (*People* v. *Wabash Railway Co.* 308 Ill. 604; *People* v. *Chicago and Eastern Illinois Railway Co. ante,* p. 352;) but as appellee concedes this to be the rule it is not necessary further to dwell upon that point.

Appellee contends that the amendment made at the June, 1924, meeting cured the defects in the record of the September, 1923, meeting; that under section 191 of the Revenue act the board had power to amend its records to make them speak the truth as to what occurred. Such is the construction uniformly given to that section. Not only is this true, but the right to make amendments by any collective body having a clerk employed or authorized to keep its records does not depend upon the statute but is common to legislative bodies and collective bodies generally. *People* v. *Ross,* 272 Ill. 285; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 195; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 id. 565; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.

Appellant concedes that this is true, but it is contended that the evidence in this case does not show that the record of the September meeting was amended, and that therefore parol evidence was not competent to dispute the record. It may readily be conceded that a written record can not be disputed by parol evidence, but it has been frequently held in this State that parol evidence is admissible for the purpose of showing whether or not the record sought to be amended, or the amendment thereof, does, in fact, speak the truth. *Chicago and Northwestern Railway*

*Co.* v. *People, supra; People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 271 Ill. 487; *People* v. *Illinois Central Railroad Co.* 271 id. 236; *People* v. *Carr,* 265 id. 220; *Chicago and Northwestern Railway Co.* v. *People,* 183 id. 247; *Spring Valley Coal Co.* v. *People,* 157 id. 543; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 id. 557.

It is said that the written resolution adopted by the county board on June 16 and introduced on the hearing of this case was not an amendment of the record of the September meeting, for the reason that, as shown by the testimony of the county clerk, it had been adopted but two days before the hearing and had not been written up in the county records, though it would be so written when it was reached in the matter of writing up the record. There is no merit in this contention. The resolution was in writing and constituted a part of the files and records of the county board. There was no question as to its having been adopted or as to its contents. It was properly a part of the records of the county board, and the mere fact that it had not yet reached the stage of actual entry in the county record book did not prevent its being a part of the records of the board. Nor can it be successfully urged that this does not cure the record of the 1923 meeting of the board of county commissioners. The resolution expressly states such to be its purpose, and directs that the record of the meeting of September 17, 1923, be amended to show that the levy was voted upon by the commissioners by an aye and nay vote, and further directs that the amendment be by the insertion of certain words which are set out in the resolution and which show an aye and nay vote to have been taken. It is not necessary in a case such as this that the change actually be made on the record book of the September meeting before the same can be said to have been an amendment of such record.

The court did not err in overruling the objections of the appellant, and the judgment will be affirmed.

314—25                                *Judgment affirmed.*