(No. 35222.—

The People *ex rel.* May Penrod, County Collector, Appellee, *vs.* Chicago and North Western Railway Company, Appellant.

*Opinion filed September 24, 1959.*

Fred O. Steadry, George M. Hollander, and Nelson Trottman, all of Chicago, (Carl McGowan, of counsel,) for appellant.

Carl A. Swanson, Jr., of Sycamore, for appellee.

Mr. Chief Justice House delivered the opinion of the court:

Defendant, Chicago and North Western Railway Company, appeals from the order of the county court of DeKalb County, overruling its amended objection to the 1956 county tax levy.

The defendant filed a timely objection on a ground which was not pursued. After application for judgment by the county collector, the defendant amended its tax objection to allege that the board of supervisors did not adopt the 1956 tax levy at the regular September meeting of the board as prescribed by statute, that the September meeting was adjourned *sine die* and that the subsequent adoption of the levy in December was illegal and void.

The annual meeting of the board of supervisors was held on September 11 and 12, 1956. The minutes of that meeting as originally recorded by the county clerk merely showed general adjournment. The board convened for its December session on December 3, 1956, and on December 5 adopted the tax levy which is the subject of this appeal. It included a levy of $54,900 for general corporate purposes and resulted in the extension of a 3.18 cent tax rate on each $100 of assessed valuation. That rate, applied to defendant's property, created a tax liability of $951.76. The minutes of the December meeting, as originally recorded, did not indicate that it was an adjourned session.

At a subsequent meeting on April 23, 1957, a resolution was passed authorizing the correction of the minutes of the previous September and December sessions to reflect the adjournment of the September meeting to December 3, 1956. By authority of such resolution, the county clerk changed the minutes of the September meeting by adding the italicized portion to the original motion, so that it read: "Mr. Baie moved that the meeting be adjourned *to Monday, December 3, 1956 at 9:30 o'clock A.M.;*" and the minutes of the December meeting were changed by adding the italicized words to the original minutes so that they read: "The Board of Supervisors of DeKalb County, Illinois, met at the court house in Sycamore, Illinois, *pursuant to adjournment.*"

Hearings on the amended objection were held before the county judge in March and April, 1958. On November

25, 1958, an order was entered finding that the September, 1956, meeting of the board of supervisors had been duly adjourned to Monday, December 3, 1956, and overruling the amended objection. Defendant has appealed from this order and the judgment in the amount of $951.76 based thereon.

Defendant contends that the tax levy adopted by the county board at its December session was invalid for the reason that section 156 of the Revenue Act (Ill. Rev. Stat. 1955, chap. 120, par. 637) is a mandatory requirement that county tax levies be adopted during the September meeting. This same contention was considered in *People ex rel. Lunn v. Chicago Title and Trust Co.* 409 Ill. 505. We there held that a tax levy adopted at a properly adjourned session of the annual September meeting of the board was legal and valid.

Defendant insists, however, that the subsequent December meeting of the board was not an adjourned session and that the September meeting was adjourned *sine die,* thereby terminating the board's power to make a tax levy at the subsequent meeting. It properly points out that before the board could amend the minutes of the meetings as recorded by the county clerk there must be a showing by clear and convincing evidence that the original record contained a mistake and that the amended record spoke the truth. It is asserted that there is no such clear and convincing evidence in this case.

Amendments may properly be allowed under section 236 of the Revenue Act (Ill. Rev. Stat. 1955, chap. 120, par. 717) where there has been an attempt to comply with the law but the attempt is ineffective because of a clerical error. (*People ex rel. Schlaeger v. Buena Vista Building Corp.* 396 Ill. 164; *People ex rel. Brockamp v. Brown,* 261 Ill. 73.) Omissions and defective acts of the officers responsible for the levy of taxes, not affecting the substantial justice of the tax itself, will not vitiate the levy and render the

tax illegal. (*People* v. *Buena Vista Building Corp.* 396 Ill. 164.) Thus, if the September meeting were, in fact adjourned to the December meeting but the adjournment was not properly recorded, such procedure would be a *de facto* compliance with the law. In such case, the board had the right, both under the cases (*People ex rel. Stewart* v. *Chicago, Milwaukee and St. Paul Railway Co.* 326 Ill. 179; *People ex rel. Shirk* v. *Chicago and Eastern Illinois Railroad Co.* 314 Ill. 382; *People ex rel. Dailey* v. *Ross*, 272 Ill. 285) and under section 236 of the Revenue Act, to amend its records to properly reflect the facts. Therefore, the sole question before us is whether the September meeting was, in fact, adjourned to December as the corrected records of the county board indicate.

The direct evidence on the question consisted of the minutes, both before and after amendment, and of the testimony of the county clerk, one of the supervisors who attended the meetings in question, and an attorney for the defendant. The county clerk testified that he made the original draft of the minutes of the September session about 10 days after the meeting. He stated that the original minutes correctly reflected what he recollected of the adjournment at the time, but that it was the general practice to make a motion to adjourn to a certain day. He was quoted by one of defendant's attorneys as saying to such attorney shortly after the corrections had been made, that he did not hear any motion to adjourn to a day certain. This he denied and said that he had told the attorney that he did not know whether the motion was actually made to a day certain. The testimony of the witness indicated some confusion. After having said that he had no present recollection on the subject, he later said he did have and that the motion was for adjournment to a day certain.

The only other witness testified that he had been an assistant supervisor for ten years and attended all the meetings involved herein. He further testified that he had spe-

cifically made a motion to adjourn to December 3, 1956, at 9:30 o'clock A.M., and that he based his recollection on notes that he had made during the September meeting. The notes were made on the cover page of the supervisor's yearbook and indicated the December date. His impeachment was sought on the ground that a date of an earlier meeting also appeared thereon, which he testified he had written at a time when proof showed the yearbook had not yet been printed. His recollection on another point of procedure was found to be erroneous.

It is noted that the testimony adduced by the defendant was purely for impeachment purposes. The only real difference between the attorney's testimony and that of the county clerk was that the former understood the clerk to say that he had not heard a motion made to adjourn to a day certain while the essence of the clerk's version of the conversation was that he could not testify whether such a motion was made or not. The evidence of the supervisor was positive and unequivocal and his faulty memory was on matters not directly on the issue. The trial judge heard the testimony of the witnesses. As the trier of facts he was in a superior position to that of this reviewing court. The weight to be given the testimony is a matter to be determined by the trial judge, sitting without a jury, and his findings will not be disturbed unless manifestly erroneous. (*Geis* v. *Rohrer*, 12 Ill.2d 133; *Sohio Corp.* v. *Gudder*, 375 Ill. 622.) We cannot say that the court's findings here were against the manifest weight of the evidence. Accordingly, the order and judgment of the county court of DeKalb County is affirmed.

*Judgment affirmed.*