Clyde H. Auten and Lorraine A. Auten, Plaintiffs-Appellees, v. Guaranty Abstract & Title Company, a Corporation, Defendant-Appellant.

Gen. No. 65–120.

Fifth District.

September 22, 1966.

 

Durr & Durr, of Edwardsville, for appellant.

Meyer & Meyer, of Belleville, for appellees.

GOLDENHERSH, P. J.

Defendant, Guaranty Abstract & Title Company, appeals from a judgment in the amount of $1,500, entered by the Circuit Court of Madison County after trial by the court, without a jury.

In the complaint plaintiffs allege that they purchased certain real estate situated in Madison County from one Helen K. Stevenson, that prior to closing the transaction, plaintiffs employed defendant to examine the title to the real estate and ascertain whether Helen K. Stevenson could convey fee simple title, free and clear of encumbrances, that defendant negligently and unskillfully failed to advise plaintiffs of a lien on the real estate arising from a judgment against the said Helen K. Stevenson, and that plaintiffs, in order to obtain a release of the lien, were required to pay the judgment.

The evidence shows that plaintiffs, who are husband and wife, purchased a parcel of real estate from one Helen K. Stevenson, that plaintiff, Clyde H. Auten, is a realtor with some 40 years of experience in the field, that he delivered to plaintiffs' attorney a warranty deed executed by Miss Stevenson on July 2, 1961, that on July 17, 1961, plaintiffs' attorney wrote defendant a letter, enclosing the deed, and instructing defendant as follows: "Please examine the records from December 28, 1960 at

1:00 P. M. and if no intervening liens or encumbrances appear, please record this deed. If something adverse is shown of record, please withhold this deed and advise me by telephone of the character of the encumbrance."

The evidence further shows that the deed was recorded on July 19, 1961.

Plaintiff, Clyde H. Auten, testified that a day or two after July 17, 1961, F. Ritchie Gibbons, president of defendant corporation, called him and told him the title was "clean as a hound's tooth."

Shortly thereafter, plaintiffs were advised that a judgment had been rendered and entered against one Helen C. Stevenson on July 6, 1961, and the judgment creditor claimed a judgment lien on the property here involved. Plaintiff, Clyde H. Auten, testified further that he settled the judgment upon payment of $1,500 and obtained a release of the lien. A copy of the judgment docket showing the entry of judgment on July 6, 1961, and a satisfaction of judgment, are in evidence.

Mr. Auten testified that he had known the grantor, Helen K. Stevenson, for some time, that he had prior business with her, and he had a note signed by her as Helen C. Stevenson, and another signed Helen E. Stevenson, that plaintiffs' grantor, Helen K. Stevenson, and the Helen C. Stevenson, defendant in the case in which the above described judgment was entered, were one and the same person.

The only testimony adduced by defendant was that of a Miss Hosto, who testified that she was employed by defendant as an examiner of court records, that defendant regularly examined the court records including the indexes and judgment dockets, that she examined the records shortly after receipt of the letter from plaintiffs' attorney. The witness testified over objection that when she examined the court records the entry showing judg-

124

ment entered as of July 6, 1961, was not in the docket, and on motion of plaintiffs' counsel, this testimony was stricken on the ground that it was an attempt to impeach the court records by parol testimony. Defendant also made an offer of proof that the witness had examined the dockets and records in the circuit clerk's office several days prior to trial, and at that time the most recent entries were as of a date 13 days earlier. An objection to the offer of proof was sustained.

Defendant contends that the evidence shows that plaintiffs suffered no damage in that they had agreed with their grantor to assume her liabilities in consideration of her conveying the property, and settlement of the judgment was merely the payment of one of the grantor's liabilities. An examination of the pleadings, the answers to interrogatories, and the evidence, shows clearly that plaintiffs and Miss Stevenson entered into an agreement for the sale of the property for the sum of $24,352.25, that plaintiffs were to take title subject only to an existing mortgage, and that it was not contemplated that plaintiffs assume liability for, or payment of, the judgment out of which the lien arose.

■ ■ The court properly sustained plaintiffs' objection to the testimony, and offer of proof, attempting to attack the date of entry of the judgment. The judgment was entered by the Circuit Court of Madison County, a court of general jurisdiction, no issue is made of whether the court had jurisdiction over the plaintiffs' grantor in the case in which the judgment was entered, and the judgment of the circuit court, in a collateral proceeding, can be attacked only by the record itself. Parsons v. Lurie, 400 Ill 498, 81 NE2d 182.

■ Defendant contends that there is no competent evidence that plaintiffs' grantor, Helen K. Stevenson, and the defendant against whom the judgment was rendered

are one and the same person. The identity of the given and surnames, and the testimony of the plaintiff, Clyde H. Auten, that Helen K. Stevenson and Helen C. Stevenson were one and the same person, in the absence of any contrary evidence, is sufficient basis for the court's finding.

The evidence shows that plaintiffs exercised diligence in settling the claim of the grantor's judgment creditor, and in fact, settled it for $1,500, somewhat less than the amount of the judgment, costs and accrued interest.

■ ■ In Chase v. Heaney, 70 Ill 268, the Supreme Court said: "The undertaking implied by the law, from appellants' engaging in the business of searching the public records, examining titles to real estate and making abstracts thereof, for compensation, is, that they possessed the requisite knowledge and skill, and that they would use due and ordinary care in the performance of their duties. For a failure in either of these respects, resulting in damages, the party injured is entitled to recover."

■ In reviewing a case tried without a jury, an appellate court should not disturb the findings of the trial court unless such findings are manifestly erroneous. People ex rel. v. Chicago & N. W. Ry. Co., 17 Ill2d 307, 161 NE2d 126.

■ The judgment of the trial court is amply supported by the evidence and the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.