Clairol, Incorporated, a Corporation, Plaintiff-Appellant, v. Jack Bender, Defendant-Appellee.

Gen. No. 53,423.

First District.

June 12, 1970.

Pattishall, McAuliffe & Hofstetter, W. Thomas Hofstetter, and John H. Andrew, of Chicago (Weil and Lee, of New York, of counsel), for appellant.

Miller and Pomper, of Chicago (Leonard B. Miller, of counsel), for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the order of the Circuit Court of Cook County finding the defendant not to be in contempt of court, and vacating an injunction, the alleged violation of which is the basis for the contempt proceeding.

Plaintiff is a manufacturer of hair care products, including hair dyes. Its products are sold to beauty salons for use by professionally trained beauticians, and are also sold at retail for nonprofessional use.

Hair dyes intended for professional use are packed in cartons of six and sold directly to beauty salons and schools, and to jobbers who supply professional beauti-

cians. Hair dye intended for nonprofessional use is sold in individual cartons. The labels for products intended for professional use bear the following legend:

"PROFESSIONAL USE ONLY
WARNING

"Cautionary statements regularly required for sale to nonprofessionals and instructions essential to the use of this product by nonprofessionals are not included on bottle labels. Nonprofessional sale may result in prosecution under federal law."

The labels for nonprofessional, or consumer products, contain considerably more detailed instructions for use, and include instructions regarding hypersensitivity and possible eye damage, some of which are prescribed by state and federal statutes and regulations.

On August 20, 1965, plaintiff filed an action and alleged in its complaint that defendant, then doing business in Park Forest, was selling plaintiff's professional type MISS CLAIROL HAIR COLOR BATH at retail to nonprofessional users for home application, thus endangering plaintiff's valuable reputation and good will, and endangering in rem seizure of its products under state and federal statutes. It sought injunctive relief, damages, and an accounting of profits.

The case was referred to a Master in Chancery and after extensive hearings a consent decree was entered which recites that defendant is engaged in business in Park Forest and provides:

"3. That defendant at his aforesaid place of business, has sold to the general public (i. e. nonprofessionals) bottles of MISS CLAIROL HAIR COLOR BATH and other products which were packaged, labeled and distributed by plaintiff for professional use only.

"4. That defendant, his agents, employees, servants, privies, representatives, and any and all persons acting by, through or under authority from defendant, shall be and hereby are permanently enjoined and restrained from selling to the general public (i. e., nonprofessionals) bottles of MISS CLAIROL HAIR COLOR BATH and other products which are packaged, labeled and distributed by plaintiff for professional use only; provided that plaintiff shall give defendant at least twenty (20) days notice in writing (by certified mail) prior to the institution of any contempt proceeding based upon defendant's sale or offering for sale of any product not presently packaged, labeled and distributed by plaintiff for professional use only and provided defendant shall not be liable for the sale or offering for sale of said newly labeled product during said twenty (20) day period."

On August 29, 1967, plaintiff filed its petition for a rule to show cause why defendant should not be punished for repeated violations of the injunction writ issued pursuant to the consent decree. The petition is supported by the affidavit of plaintiff's attorney which states that investigation by plaintiff has revealed repeated violations of the injunction. A supplemental petition filed on November 29, 1967, alleges specific purchases by shoppers of MISS CLAIROL HAIR COLOR BATH packaged, labeled and distributed for professional use only. The supplemental petition is supported by the affidavits of four shoppers employed by the law firm which represents plaintiff in this litigation.

The court heard testimony, and numerous exhibits were offered and received in evidence. The trial court filed a comprehensive memorandum and entered the following order:

"This cause having been assigned to this court to trial for the issues, all parties having been present in court through their attorneys, the court having heard all the evidence presented on Plaintiff's Petition for Rule to Show Cause, and Rule Defendant's Motion and Petition to vacate the Injunction therein, the court having filed a Memorandum of Opinion;

"IT IS HEREBY ORDERED that the Rule to Show Cause is discharged and the JACK BENDER is found not in contempt of this court.

"IT IS FURTHER ORDERED that the injunction previously entered in this court and by this court be and the same is hereby vacated for the reasons incorporated in the memorandum of law hereto filed.

"IT IS FURTHER ORDERED that counsel for the parties submit an Injunction Order to correct the defects of the vacated Injunction within 30 days.

"IT IS FURTHER ORDERED that in the event no mutually acceptable injunction order is agreed to within 30 days, this court will retain jurisdiction of this Cause and will reset this matter for hearing to enter a Final Judgment."

It is plaintiff's contention that the record establishes a continuing pattern of wilful violation of the injunction, the decree conforms to the requirements of the statute, its terms are clear and definite, and the court erred in vacating the injunction to which defendant had previously consented. Defendant contends the injunction is ambiguous and unclear, plaintiff's case fails because it has failed to prove injury, and the trial court has jurisdiction to modify its injunction to meet changing conditions of fact or of law.

■ We do not discuss the evidence in detail for the reason that to do so is of no precedential value. However, if this were a nisi prius court the finding based

281

upon the record before us would be that the evidence shows defendant to have engaged in a pattern of conduct in violation of the injunction, and only the rule that the trial court's finding should not be disturbed unless manifestly erroneous (People ex rel. Penrod v. Chicago & N. W. Ry. Co., 17 Ill2d 307, 161 NE2d 126) averts reversal.

Interpretation of the decree presents no difficulty. It clearly and unequivocally prohibits the sale to the general public of plaintiff's product which are packaged, labeled and distributed for professional use only. Paragraph 4 of the decree gives defendant ample protection against an unwitting violation involving a new product.

In an opinion filed on April 29, 1970 (Tripoli Co. v. Wella Corp., 38 Law Week 2589) the Court of Appeals for the Third Circuit points out that the restraint of sales to the general public of cosmetic products intended for professional use is reasonable, appropriate and an exercise of the responsibility which the manufacturer owes the consumer.

In view of the conclusions reached it is not necessary to further discuss the contentions of the parties. Insofar as the order finds the defendant not guilty of contempt and discharges the rule to show cause the order is affirmed, and insofar as it vacates the decree entered on November 30, 1965, the order is reversed, and the cause is remanded with directions to expunge the portion of the order of May 7, 1968, which purports to vacate said decree, and to reinstate the decree.

Order affirmed in part, reversed in part and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.