OLIVER W. HOLLAND

*v.*

THE PEOPLE *ex rel.* Miller, County Collector.

*Opinion filed February 20, 1901.*

1. SPECIAL TAXATION—*certified bill of cost of sidewalk is the basis of the special tax list.* The provision of the statute requiring the filing with the clerk of a certified bill of cost of a sidewalk to be built by special taxation is for the protection of the property owner, and compliance therewith is a necessary step in the levy of the tax.

2. SAME—*when omission of certified bill of cost is not cured.* Failure to file a certified bill of cost of a sidewalk is not cured by a mere order of the court providing that any irregularity in the tax list, or in any of the proceedings connected with the assessment or levy of the tax, or any omission or defective act of any officer connected with the assessment or levy of the tax, be corrected, supplied and made to conform to the law.

APPEAL from the County Court of Logan county; the Hon. JAMES A. McCOMAS, Judge, presiding.

BLINN & HARRIS, for appellant.

BALDWIN & STRINGER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Logan county applied to the county court for judgment against part of the north-west quarter of the south-east quarter of section 18, township

20, range 4, west of the third principal meridian, lying along the north side of Lincoln street, in the village of New Holland, for a special sidewalk tax of $166.64 and an order of sale of said premises to satisfy the same. Appellant, who is the owner of said tract, appeared and filed objections, which were overruled, and the court rendered judgment, not against the tract as described by the collector, but against the land as described in an ordinance of the village of New Holland, which is in the record. That ordinance provided that a sidewalk should be built along the north side of said Lincoln street and be paid for by a special taxation of the lot or parcel of land contiguous to, abutting and touching upon the line of the said sidewalk, and described the entire forty-acre tract, part of which was south of Lincoln street and not contiguous to or abutting upon the sidewalk. Appellant excepted to the judgment and prosecuted this appeal.

One of the objections to the special tax was that the ordinance was not published, and this objection is based on a mistake of the printer in the number of the township in the description of the forty-acre tract. Otherwise the ordinance was correctly published, and it plainly appears from the whole ordinance as published that the mistake was merely a clerical one, and that appellant's property contiguous to and abutting on the sidewalk was the property intended to be charged with the tax. The error and the nature of it were apparent from the entire ordinance and other descriptive features of it, so that it was not error to overrule that objection.

The ordinance required the owners of land abutting upon the line of the sidewalk to build it within thirty days, and provided that in default thereof it should be constructed by the village. It was not built by appellant in front of his land and the village constructed it. The ordinance provided for the levy of a special tax by frontage, and the next step required by the statute in order to charge the property with the tax was that a bill of

the cost of the sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, should be filed in the office of the clerk of the village, certified to by the officer or board designated by the ordinance to take charge of the construction of the sidewalk, together with a list of the lots or parcels of land touching upon the line of the sidewalk, the names of the owners thereof, and the frontage. This certified bill of cost is the basis for a special tax list to be prepared by the clerk. The ordinance did not designate any officer or board to take charge of the construction, but directed the bill of cost to be certified by the chairman of the streets and alleys committee or the president of the village. The statute and ordinance were not complied with, and no certified bill of the cost of the sidewalk was ever filed. There was a notice to appellant filed with the village clerk, signed by three persons designating themselves "Committee of streets and alleys," which notified appellant that the forty-acre tract, the north-west quarter of the south-east quarter of section 18, was taxed by special tax levied by an ordinance for the cost of a sidewalk abutting on the same; that the total amount of the special tax was $166.64, as per items thereto annexed, and that the tax was due, and if not paid to the village collector, would be proceeded with according to the ordinance and the statute of Illinois. Attached to this notice was a column of figures footing up $166.64, but not showing what the items were, and it was not certified in any manner. This notice or a bill was presented to appellant by the village marshal and payment was refused. This paper did not fulfill any of the conditions of a certified bill of cost, and such a certified bill is the foundation of the special tax list to be made by the clerk. If the notice to appellant was of any consequence, it notified him of a tax on the whole forty acres,—not only that which abutted on the sidewalk, but other land across a railway track and south of the street which did not

abut upon it and could not be taxed to pay for it.   The provision for a certified bill of costs is for the protection of the property owner, and is a necessary step in the levy of the tax.   The proofs sustained the objection that this step was wanting, and it was error to overrule it.

Appellee relies upon the final order and judgment of the court to supply the want of a certified bill and other defects in the proceedings.   In the final judgment the court orders that the return of the committee on streets and alleys to the village clerk, and the certificate of the village clerk to the county collector, are thereby corrected, supplied and made to conform to the law, and that "any and every irregularity or informality in the assessment roll or tax list, or in any of the proceedings connected with the assessment or levy of such special tax, or any omission or defective act of any officer or officers connected with the assessment or levy of such special tax, be and the same are hereby corrected, supplied and made to conform to law as by statute in such cases made and provided." Nothing was amended, corrected or supplied, but the court merely ordered that everything should be all right and in accordance with the law, although it was not so in fact or made so by amendment or correction.   The Revenue law is very liberal in allowing irregularities, informalities or omissions not affecting the substantial justice of the tax to be corrected or supplied upon application for judgment, but it does not authorize the court to levy a tax where none has been levied by the proper officers.   The order in this case was beyond the power of the court and not within the meaning of the statute.

It is apparent that the judgment was also erroneous in including the entire forty-acre tract as described in the ordinance.

The judgment is reversed and the cause remanded.

*Reversed and remanded,*