The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* Henry McGough, County Collector.

*Opinion filed December 18, 1901.*

1. Taxes—*statutory provisions for protection of tax-payer are mandatory.* Provisions of the statute designed for the protection of the tax-payer are mandatory, and a disregard of them will render the tax illegal.

2. Same—*when substantial justice of tax is affected.* The substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose.

3. Same—*statute concerning curing of irregularities in tax proceedings considered.* Section 191 of the Revenue act, (Rev. Stat. 1874, p. 890,) providing that no informality in tax proceedings, not affecting the substantial justice of the tax, shall vitiate the tax, is not to be construed as curing every defect in attempts to tax, merely because the party taxed will pay no more, in proportion to his property, than other people who voluntarily pay the same tax.

4. Same—*when road and bridge tax is illegal.* The law requires the meeting of highway commissioners for the levy of road and bridge taxes to be held on the Tuesday next preceding the meeting of the county board, at the same time and place as the meeting of the board of town auditors, and hence a road and bridge tax levied by the highway commissioners at the office of one of such commissioners nearly a month before the time so fixed by statute is illegal, and is open to objection on application for judgment of sale.

Appeal from the County Court of Kane county; the Hon. M. O. Southworth, Judge, presiding.

Botsford, Wayne & Botsford, for appellant:

By section 13 of chapter 121 of our statutes the commissioners of highways are required to meet on the same day and at the same place of the meeting of the board of town auditors. Starr & Cur. Stat. p. 3552.

By paragraph 51 of chapter 34 of said statutes the county board is required to meet on the second Tuesday of September in each year. Starr & Cur. Stat. p. 1096.

By paragraph 120 of chapter 139 of said statutes the town auditors are required to meet on the Tuesday next

preceding the annual meeting of the county board. Starr & Cur. Stat. p. 3944.

The said tax, not being levied in compliance with the foregoing provisions of the statute, is void. *Railroad Co.* v. *People,* 127 Ill. 627; *St. Louis Stock Yards* v. *People,* id. 22; *Comrs. of Highways* v. *Jackson,* 165 id. 17; *Bridge Co.* v. *People,* 128 id. 422.

The fiscal year for highway taxes commences with the Tuesday preceding the annual September meeting of the county board, and the time for levying the road and bridge tax is fixed for that day, and the requirement that the tax should then be levied is jurisdictional. *Comrs. of Highways* v. *Newell,* 80 Ill. 594.

William J. Tyers, State's Attorney, and Maurice Weigle, for appellee:

Section 191 of chapter 120 of our statutes provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof. The error complained of does not affect the substantial justice of the tax. *Buck* v. *People,* 78 Ill. 560; *Chiniquy* v. *People,* id. 570; *Thatcher* v. *People,* 79 id. 597; *Beers* v. *People,* 83 id. 488.

Said section 191 was intended to and does meet all irregularities not resulting in injury to tax-payers. *Railroad Co.* v. *People,* 147 Ill. 9; *Easton* v. *Savery,* 44 Iowa, 654.

The precise day for levying the road and bridge tax is not material, but it will be sufficient if the certificate is filed with the county clerk in time to have the tax extended. A tax levied before the day fixed by statute is valid. *Easton* v. *Savery,* 44 Iowa, 654.

The provision of the statute as to the time of making the levy is directory, and not mandatory. *Wheeler* v. *Chicago,* 24 Ill. 105; *French* v. *Edwards,* 13 Wall. 506; Cooley on Taxation, (2d ed.) 283-471.

The fixing of an exact time for the doing of an act is only directory, where it is not fixed for the purpose of giving the party a hearing or for any other purpose important to him. *Leindecker* v. *People*, 98 Ill. 21; Cooley on Taxation, (2d ed.) 289-471.

The power to levy the road and bridge tax results, by necessary implication, from the duties imposed upon the commissioners in relation to highways. *Fisher* v. *People*, 84 Ill. 491; Cooley on Taxation, 275.

Mr. Justice Cartwright delivered the opinion of the court:

To the application of the county collector of Kane county for judgment against lands of appellant in the township of Batavia, in said county, for the road and bridge tax of said township for the year 1900, appellant filed its objection that the commissioners of highways did not comply with the statute in levying the tax and had no power to levy the same when they attempted to do so, and that the tax was illegal and void. The objection was overruled by the county court and judgment was rendered against the property for the tax.

It was proved on the hearing of the objection that the commissioners of highways of the town of Batavia met at the office of one of the commissioners on August 7, 1900, and passed a resolution that a tax of sixty cents on every $100 of property in said town should be levied for road and bridge purposes. The town clerk made his certificate of said levy, dated August 10, 1900, to the county clerk of said county, and the certificate was filed in the office of the county clerk September 12, 1900. The statutory authority of the commissioners to levy the tax is given by section 13 of chapter 121 of the statutes. That section provides that the commissioners shall meet semi-annually on the same day and at the same place of meeting of the board of town auditors, and that at the meeting immediately preceding the annual meeting of the county

board the commissioners shall determine what per cent
of tax shall be levied on the property of the town for
road and bridge purposes and for the payment of any
outstanding orders drawn by them on their treasurer,
which levy shall not exceed sixty cents on each $100.
(3 Starr & Cur. Stat. 1896, p. 3552.)   The time and place
of meeting of the board of auditors is fixed by section 3
of article 13 of chapter 139 of said statutes, which pro-
vides that said board of auditors shall meet at the town
clerk's office semi-annually, on the Tuesday next pre-
ceding the annual meeting of the county board and on
the Tuesday next preceding the annual town meeting.
(3 Starr & Cur. Stat. 1896, p. 3944.)   By section 49 of chap-
ter 34 of said statutes the annual meeting of the board
of supervisors is required to be held on the second Tues-
day of September in each year.    (1 Starr & Cur. Stat.
1896, p. 1096.)   The annual meeting of the county board
of Kane county for the year 1900 was therefore fixed by
statute for September 11, 1900, and the meeting of the
commissioners with the board of auditors for determining
upon the per cent of road and bridge tax for that year,
and levying the same, was required to be held at the town
clerk's office on September 4, 1900.    The statute was not
complied with, and the commissioners did not meet with
the board of auditors at the time and place required by
law, but they met at the office of one of the commission-
ers on August 7, 1900, and attempted to levy the tax.

The argument on the part of appellee is, that the
payment of the tax by appellant will impose no greater
burden upon it than it ought to bear, and therefore the
substantial justice of the tax is not affected, and the de-
fect in the levy is cured by the provisions of section 191
of chapter 120 of said statutes.    That section provides
that no tax shall be considered illegal on account of the
assessment roll or tax list not having been made, com-
pleted or returned within the time required by law, and
that no error or informality in the proceedings, or of the

officers connected with the assessment, levying or collecting the tax, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax. (3 Starr & Cur. Stat. 1896, p. 3470.) Under that provision, mere irregularities and informalities in the levy, not affecting the substantial justice of the 'tax, do not render it illegal. Where the taxing authorities have power to make a levy at the time they undertake to do so, the failure to certify it or make return on the day or within the time fixed by the statute will not affect the tax. (*Buck* v. *People*, 78 Ill. 560; *Chiniquy* v. *People*, id. 570; *Moore* v. *Fessenbeck*, 88 id. 422.) That section, however, is not to be construed as curing every defect in attempts to tax because the party taxed will pay no more for the support of the government in proportion to his property than other people who voluntarily pay the same tax. The substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose. Provisions of the statute designed for the protection of the tax-payer are mandatory, and a disregard of them will render the tax illegal. In *Chicago and Alton Railroad Co.* v. *People*, 190 Ill. 20, we held that the provision as to the time of meeting of the board of auditors is mandatory, and that a tax based on a certificate of claims audited at other times is illegal, for the reason that a different construction would clothe the board with arbitrary power, and, in effect, deny claimants and others interested all opportunity to be heard.

The provisions of section 191 do not make proceedings valid which are void *ab initio*. (*People* v. *Smith*, 149 Ill. 549.) The question here is whether the commissioners of highways had power to levy this tax at the time they attempted to do so. If they had the power, no mere informality in the exercise of the power would invalidate the tax; but if they had no such power, the defect would not be an irregularity or informality which would be cured by section 191. In *St. Louis Nat. Stock Yards* v. *Peo-*

*ple*, 127 Ill. 22, it was said that the commissioners, in making a levy, can only act in the manner and at the time specified in the statute, and that if no meeting is held and no action taken on the day fixed by law, a levy by them will be void. But that question was, perhaps, not directly involved in that case. The question under consideration was whether a tax was valid where a meeting was held on the day fixed by the statute, and the question of fixing the rate of taxation was taken up, but there was an adjournment until a later day, when the levy was made. That case was referred to in *Chicago and Northwestern Railway Co.* v. *People*, 171 Ill. 249, and we there said that the question whether the defect of meeting at a later day would be cured by section 191 was not considered, and in the case then decided we found it unnecessary to determine the question. In this case, the commissioners attempted to make the levy nearly a month before the time fixed by the statute and before they were authorized to act at all. The law requires the meeting for the levy of the tax to be held on the Tuesday next preceding the meeting of the county board, at the same time and place as the meeting of the board of town auditors. The rate per cent is to be fixed by ascertaining at that time the amount of outstanding orders drawn by the commissioners on their treasurer and estimating the amount necessary for road and bridge purposes for the coming year. The levy for these purposes is not to exceed sixty cents on each $100. If some contingency has arisen which, in the opinion of the commissioners, requires a greater levy, they are directed by section 14 to certify the same to the board of town auditors and the assessor, and, with the consent of a majority of the entire board so created, an additional levy not exceeding forty cents on the $100 may be made. If damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads, the amount of such damages, not exceeding

twenty cents on each $100, is required by section 15 to be included in the tax levy as an additional levy. Section 16 provides that the commissioners, at said semi-annual meeting, shall make a certificate of the rate per cent finally agreed upon by virtue of sections 13 and 14, and also the amount to liquidate road and ditch damages, and deliver it to the town clerk.

These provisions show that the fiscal year of the commissioners of highways commences with the semi-annual meeting on the Tuesday preceding the annual meeting of the county board, and it was so held in *Comrs. of Highways* v. *Newell*, 80 Ill. 587. It is at that time that the commissioners are required to make their estimates and ascertain the amount of orders then outstanding and the road and ditch damages, and levy a tax to pay the orders and damages and meet their expenses until the corresponding period of the next year. The necessary calculations of outstanding orders and damages cannot be made until that time, nor can it be known whether any contingency has happened which would affect the amount of the levy. When these commissioners acted, the time had not arrived at which, by the statute, they were authorized to act at all. If a levy could be made before the time when the commissioners are authorized by the statute to act, there would be no practical limit. If the levy could be made a month before the end of the fiscal year to pay orders outstanding at the end of that year and damages allowed and for the expenses of the next fiscal year, it would be equally valid if made six months before and without any information or basis for determining the rate. In such a case the tax-payer would have no protection. The conditions for the exercise of the power to levy the tax did not exist when the levy was made, and in our judgment the tax was illegal.

The judgment of the county court is reversed and the cause remanded.                        *Reversed and remanded.*