(No. 26695.—

THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellee, *vs.* GRANADA APARTMENT HOTEL CORPORATION, Appellant.

*Opinion filed September 25, 1942—Rehearing denied Nov. 12, 1942.*

GUNN, J., and STONE, C.J., specially concurring.

ADELBERT BROWN, for appellant.

THOMAS J. COURTNEY, State's Attorney, RICHARD S. FOLSOM, MARSHALL V. KEARNEY, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, JOSEPH H. PLECK, THOMAS M. THOMAS, and THOMAS F. SCULLY, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, the Granada Apartment Hotel Corporation, having previously paid its taxes in full, under protest, filed an amended objection in the county court of Cook county to an application of the county collector for a judgment against and an order for the sale of real estate for the non-payment of certain taxes for the year 1939 levied by the board of education of the city of Chicago. From the judgment overruling its objection, defendant appeals.

The county clerk extended a rate of $3.19 for taxes levied by the board of education. This rate included a levy of .040802, representing items in the budget of the board

of education to be paid from its bond and interest fund. The budget, adopted March 22, 1939, sets forth for each fund, the sums appropriated for the necessary expenses for the year 1939, and the sums required to defray all liabilities as they existed on January 1, 1939. From the budget setting forth as of January 1, 1939, all current assets ascertained to be "available for appropriation" and all current liabilities as of January 1, 1939, to be appropriated for, it appears that the requirements of the bond and interest fund were:

Bond redemptions .................. $ 1,260,000.00
Interest on bonds ................... 1,500,720.00
Current liabilities . . . .............. 11,413,914.67

Total requirements of the fiscal year
    at the beginning of 1939....................... $14,174,634.67

These appropriations were to be satisfied from the following resources:

Current assets at the beginning of the fiscal year 1939
    available for appropriation .................... $11,413,914.67
To be raised by taxation (exclusive of loss and cost) 2,760,720.00

Total resources ............................. $14,174,634.67

From the amended objection it appears that the total appropriated needs for the fiscal year 1939 for the bond and interest fund were, as follows:

For unpaid liabilities of prior years................ $11,413,914.67
For all other expenditures and charges to be made
    or incurred during 1939........................ 3,066,666.00

Total appropriations ...  ...................... $14,480,580.67

These requirements, it is charged, were to be satisfied as follows:

Resources available for 1939 appropriations........ $11,413,914.67
Income from miscellaneous sources............. .. None
The levy of a tax for 1939 (including loss and cost) 3,066,666.00

Total resources available for 1939 appropriations $14,480,580.67

The objection alleges that the tax levy for 1939 is excessive for the reason that the "unpaid liabilities of prior years" appropriated for in 1939, in the amount of $11,413,914.67, included purported liabilities aggregating $833,744.92, which are not a legal obligation or charge against the board of education for the reason that they represent accrued principal and interest on (1) educational fund bonds of 1931, second series, (2) one-eleventh or 9.1 per cent of the refunding bonds of 1935, first series, and (3) refunding bonds of 1935, second series, which were issued to fund tax anticipation warrants and, hence, are illegal and void. In particular, the appropriations for 1939 represented accrued liabilities for principal and interest on (1) bonds issued to liquidate tax anticipation warrants and (2) bonds refunding the principal due on other bonds originally issued to liquidate tax anticipation warrants, as follows:

|  | Accrued Liability | | |
|  | Principal | Interest | Total |
| Educational fund bonds, second series | $438,000.00 | $ 83,665.92 | $521,665.92 |
| Refunding bonds of 1935, first series, 1/11th of $522,500 or | 95,454.00 | 47,500.00 | 142,954.00 |
| Refunding bonds of 1935, second series | 105,000.00 | 64,125.00 | 169,125.00 |
|  | $638,454.00 | $195,290.92 | $833,744.92 |

The educational-fund bonds, second series, were issued conformably to an act approved June 28, 1930, (Laws of 1930, Sp. Sess. p. 93.) This statute assumed to authorize the board of education of the city of Chicago to issue bonds for the purpose of paying tax anticipation warrants issued in anticipation of the collection of taxes for the years 1928 and 1929 for educational purposes. One eleventh of the refunding bonds of 1935, first series, was issued pursuant to the authority of an act approved February 28, 1934, (Laws of 1933-1934, 3rd Sp. Sess. p. 246,) purporting to authorize the board of education to issue non-referendum

bonds for the purpose of refunding "outstanding bonds which are binding and subsisting legal obligations." These bonds were issued to refund revolving-fund bonds of 1930 and 1931, and educational-fund bonds, second series, the latter, as recounted, having been issued to refund tax anticipation warrants. All the refunding bonds of 1935, second series, were issued pursuant to the same statute, namely, the act of February 28, 1934, for the purpose of refunding educational-fund bonds which had, in turn, been issued to refund tax anticipation warrants. By a stipulation of the parties it is conceded that for the purpose of this cause the educational-fund bonds of 1931, second series, one eleventh or 9.1 per cent of the refunding bonds of 1935, first series, and the refunding bonds of 1935, second series, were issued to fund tax anticipation warrants and may be considered illegal.

On the basis of the foregoing facts, the defendant contends that the appropriations for the requirements of the illegal or void bonds are invalid and cannot afford the basis for the levy of a valid tax. It affirmatively appears from the budget of the board of education that its estimated resources including estimated current assets available for appropriations in the amount of $11,413,914.67, together with estimated current revenue of $3,066,666, including loss and cost, exceed the amount appropriated for valid requirements to the extent of $833,744.92 as claimed by the defendant. In short, a legal appropriation is lacking for taxes levied amounting to $833,744.92. Since the bonds described are, for the purposes of this cause, admittedly void, it follows, necessarily, that the appropriations to satisfy principal and interest on them are likewise void. (*People ex rel. Morse* v. *Orvis,* 358 Ill. 408; *Green* v. *Hutsonville High School District,* 356 id. 216.) It is settled that legislation authorizing the issuance of bonds for the purpose of liquidating tax anticipation warrants is unconstitutional. (*Berman* v. *Board of Education,* 360 Ill. 535.) Since refunding does not change the legal status of a bond

issue (*Kocsis* v. *Chicago Park District*, 362 Ill. 24) re-funding bonds including requirements for bonds previously issued to liquidate tax anticipation warrants are also void. In *Dimond* v. *Comr. of Highways*, 366 Ill. 503, two stat-utes making tax anticipation warrants payable "from any available revenues derived from taxes or otherwise" were held unconstitutional, being in contravention of section 9 of article IX, and the due process clause, of our constitu-tion. *People ex rel. Wilson* v. *Wabash Railway Co.* 368 Ill. 497, and *People ex rel. Gill* v. *Schiek,* id. 353, held attempts to levy a current tax to pay interest on outstand-ing anticipation warrants invalid. Our recent decision in *Leviton* v. *Board of Education,* 374 Ill. 594, held that an act purporting to authorize the issuance of bonds to pay judgments against the board of education of the city of Chicago was void as applied to judgments on tax anticipa-tion warrants. The present attempt to accomplish by in-direction what obviously cannot be done directly represents another effort to obtain liquidation of tax anticipation war-rants in contravention of the law.

*People* v. *Schiek, supra,* closely parallels the case at bar. There, the appropriations of the city of Chicago for 1934 included an illegal item of $1,300,000, representing interest on tax warrants issued against tax levies of 1934 and prior years. The total legal appropriations in the cor-porate-purpose fund amounted to $47,073,901.62. Total resources, after deducting an excessive tax amounting to $1,411,484.64, based on a legal tax levy, aggregated $47,-073,901.62. The levy in the *Schiek case* was excessive to the extent of $1,411,484.64, for the reason the total esti-mated resources exceeded the total legal appropriations to the extent named. As we observed: "No greater tax than the actual need may be legally levied." Similarly, in the pres-ent case the tax levy exceeded the actual need by $833,744.92.

The collector complains, however, that the defendant has failed to prove the amount of the surplus, if any, in the bond and interest funds of the board of education.

The collector's position is, in effect, that when the levy produces an amount in excess of the legal appropriations the levy is not excessive but merely creates a surplus and that this surplus does not render the levy illegal. It is true, as the collector insists, that *People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142, *People ex rel. Gill* v. *Diversey Hotel Corp.* 364 id. 298, and *People ex rel Nash* v. *Maxwell & Co.* 359 id. 570, were concerned with "surpluses" and that the challenged surplus in each of those cases was held fictitious. We are concerned here with an illegal levy, not with a fictitious surplus. The single issue made and presented for our decision is whether $833,744.92, representing the principal and interest on void bonds, constitutes a proper appropriation item. Since it is an improper item, the estimated resources of the board of education necessarily produce a tax in excess of its total legal requirements and the tax is illegal to such extent. *People* v. *Schiek, supra.*

Nor is the solvency or insolvency of "taxes receivable—net" pertinent to the sole issue made here. The board of education, in the exercise of a legitimate discretion, decided the net taxes receivable were solvent. There is no basis for setting aside its judgment in this regard. The collector places particular reliance upon *People* v. *Mercil & Sons Plating Co. supra; People ex rel. Toman* v. *Born Co.* 373 Ill. 490, and *People ex rel. Gill* v. *White,* 367 id. 415. Of these, the last two cases cited involved appropriations for tax anticipation warrants payable out of the taxes receivable for prior years. No contention was made in either case that the appropriation for tax warrants was invalid. Here, the challenged appropriations are void. In *People* v. *Mercil & Sons Plating Co. supra,* the question presented by the defendant was stated to be "If for the current year a valid levy is made for estimated expenditures to be made during such current year, can such levy be reduced by showing that liabilities charged against uncollected taxes

of previous years have become, or may possibly become, invalid?" A valid levy to the extent of $833,744.92 is wanting in the present case and the disposition of the quoted issue in the *Mercil case* cannot avail the collector.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain defendant's amended objection and to order a refund of the excess amount of taxes paid by defendant.

*Reversed and remanded, with directions.*

Mr. JUSTICE GUNN, specially concurring:

I concur in the foregoing opinion but believe the reasons for holding the levy was $833,744.92 excessive should be more fully explained. This sum represented the total of educational funding bonds and refunding bonds with interest, which were void under our holdings in *Berman* v. *Board of Education,* 360 Ill. 535, and *People ex rel. Toman* v. *Mercil & Sons Plating Co.* 378 Ill. 142, and consequently were improper to be set out in the liabilities of the school district because they could not in any event after being held void be a liability.

We held in the *Mercil case, supra,* that the uncollected taxes of prior years and other liabilities shall be estimated, as well as assets from uncollected and current taxes and other sources, and that the county authorities were not required at their peril to decide whether they could avoid payment of a liability. We pointed out, however, that in the *Schiek case* the city attempted to carry into the levy something designated as a liability which could never in any sense be a liability, not only because of the statute but because of the prohibition contained in section 9 of article IX of the constitution. I can see no distinction between holding it improper to include in a schedule of liabilities an item which violates the constitution and one that has been held by this court to be absolutely void. I feel that the item above mentioned has no place in the list of

liabilities because we have previously determined such bonds were invalid and hence never could be a liability of the Board of Education.

Such is the purport of the opinion as written, but I think it is proper to point out specifically the reason why such supposed liabilities were improperly set out in the appropriation ordinance.

Mr. CHIEF JUSTICE STONE joins in this special concurrence.