(No. 29906.—

THE PEOPLE *ex rel.* Victor L. Schlaeger, County Collector, Appellant, *vs.* BUENA VISTA BUILDING CORPORATION, Appellee.

*Opinion filed January 22, 1947.*

WILLIAM J. TUOHY, State's Attorney, JACOB SHAMBERG, JOSEPH J. O'CONNOR, RICHARD S. FOLSOM, and KIRLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, JOSEPH H. PLECK, EDWARD C. CALDWELL, and THOMAS M. THOMAS, of counsel,) all of Chicago, for appellant.

ADELBERT BROWN, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, the Buena Vista Building Corporation, having previously paid its taxes in full, under protest, filed an objection and, later, an amended objection in the county court of Cook county to an application of the county collector for a judgment against and an order for the sale of real estate for the nonpayment of certain taxes for the year 1942, levied by the city of Chicago upon the demand and under the direction of the board of education of the city. From the judgment sustaining the objection, the collector appeals.

The county clerk extended a rate of $3.69 for taxes required by the board of education. This rate included a levy of .0257 representing items in the budget of the board of education to be paid from its bond and interest fund. The budget, adopted on January 20, 1942, sets forth the appropriations for its bond and interest fund liabilities as of January 1, 1942, as follows:

APPROPRIATIONS BY FUNDS FOR UNPAID LIABILITIES INCURRED DURING PRIOR YEARS

* * *

Bond Redemption and Interest Funds
Due other funds..................................$    512,415.78
Bonds and interest maturities.................... 10,327,375.00
Sinking fund .................................. 6,021,300.80

Total .......................................$16,861,091.58

The appropriations of $16,861,091.58, according to the resolution adopting the budget, were to be satisfied from the following resources as of January 1, 1942, available for appropriation in 1942:

Cash, sinking fund balances......................$10,273,480.04
Taxes receivable from tax levies for the years 1930
    to 1941, inclusive ........................... 6,433,564.45
Accounts receivable on leases of school fund property    154,047.09

Total .......................................$16,861,091.58

The amended objection charges that the appropriations for the bond and interest fund included unpaid liabilities of prior years of $16,861,091.58 as they purported to exist on January 1, 1942; that these unpaid liabilities included certain purported liabilities aggregating $478,443, which are not legal obligations of the board of education, as they represent the accrued principal and interest on educational fund bonds of 1931, second series; refunding bonds of 1935, second series; and one eleventh of the refunding bonds of 1935, first series; all issued to fund tax anticipa-

tion warrants or to refund bonds originally issued for this purpose, and are, consequently, illegal and void. Accordingly, defendant alleges that the purported liabilities on these bonds were improperly included in the amount appropriated for the year 1942, and that the tax levy for 1942 for the bond and interest fund produces an amount in excess of the valid appropriation requirements to the extent of $478,443.

Defendant introduced in evidence, without objection, a statement showing that the appropriation of $10,327,375 for bond and interest fund maturities included amounts for illegal bonds, as follows: principal accrued on one eleventh of the refunding bonds of 1935, first series, $156,818, and refunding bonds of 1935, second series, $220,000, making a total of $376,818 for principal accrued; interest accrued on one eleventh of the refunding bonds of 1935, first series, $47,500, and on the refunding bonds of 1935, second series, $64,125, bringing the aggregate interest accrued to $101,625, or a total of $488,443 for both principal and interest accrued. The parties have treated the aggregate total of principal and interest accrued as $478,443, although it appears from our calculations that the correct total is $488,443. We accept, for the purposes of this opinion, the agreed figure of $478,443.

The levy to the extent of $478,443 was illegal, and the appropriations void. (*People ex rel. Schlaeger* v. *Siebel,* 388 Ill. 98; *People ex rel. Toman* v. *Granada Apartment Hotel Corp.* 381 Ill. 41.) On March 28, 1945, after our decision in the *Siebel case* became final, the board of education passed a resolution amending and reducing its appropriations for 1942 for current liabilities, $478,443, and its taxes receivable from prior years, $650,000. The resolution recites that the board's estimates of taxes receivable from the 1939, 1940 and 1941 levies did not take into consideration the loss of proceeds from the subsequent action of the county court, in 1942, in sustaining objections to

the tax levies for 1939, 1940 and 1941. This resolution assumes to offset the reduction in appropriations for current liabities by reducing the amount of estimated assets available for appropriation, namely, the net taxes receivable that the board on January 20, 1942, had ascertained to be available for 1942 appropriations. Other statements are that the total amount available for appropriations from levies of years prior to 1942, consisting of cash and taxes receivable, was at least $650,000 less than the sum of $16,861,091.58, because the taxes receivable from the 1939 tax levy for aggregate bond redemption and interest requirements were overestimated in the budget adopted on January 20, 1942, to the extent of at least $300,000. A like overestimate from the 1940 levy of a minimum of $250,000 is set forth and, from the 1941 levy, an underestimate of at least $100,000. The resolution asserts that the total current assets available as of January 1, 1942, exclusive of the 1942 tax levy, for aggregate bond redemption and interest requirements of the board of education did not exceed $16,211,091.58, and that the aggregate current liabilities, as of January 1, 1942, for valid and subsisting bond requirements was $16,382,648.58, this sum being derived by subtracting the aggregate illegal liabilities of $478,443 from the original estimate of $16,861,091.58. Defendant objected to the admission of the resolution of March 28, 1945, amending the 1942 annual school budget adopted January 20, 1942, on the ground that it was irrelevant and immaterial. The objection was sustained.

The collector offered to prove that, in preparing the statement in the 1942 budget of estimated current assets and liabilities, as of January 1, 1942, showing the amounts of such assets available for appropriation in 1942 from prior levies, the board of education, in estimating "Taxes Receivable—Net" did not take into account the reduction in proceeds from the 1939, 1940 and 1941 tax levies of

the board of education for bond redemption and interest resulting from the action of the county court, subsequent to the preparation of the 1942 budget, in sustaining objections (1) to the 1939 tax levy in the amount of $833,744.92 (*People* v. *Granada Apartment Hotel Corp.* 381 Ill. 41;) (2) to the 1940 tax levy in the sum of $749,178.60 (*People* v. *Siebel,* 388 Ill. 98;) (3) to the 1941 tax levy in the amount of $427,988, on account of free assets alleged to be on hand from levies of prior years for bonds determined to be illegal after the year 1942, and (4) to the levies in the years 1939, 1940 and 1941 for the annual current amortization and interest requirements of the illegal bonds described. Defendant objected to the relevancy and materiality of this offer of proof, and its objection was sustained.

The correctness of the judgment of the trial court in favor of defendant and against the collector is dependent upon the propriety of refusing to admit the resolution of the board of education of March 28, 1945, amending its resolution adopted on January 20, 1942, adopting the budget for the year 1942. From the budget originally adopted in 1942, it affirmatively appears that a valid appropriation was lacking for taxes levied amounting to $478,443. If the resolution of March 28, 1945, controls, the estimated resources are $650,000 less than stated in the budget of 1942. The stated purpose of the resolution of March 28, 1945, is to amend the 1942 annual school budget to show (a) that the actual current assets available for appropriation, as of January 1, 1942, for its aggregate bond redemption and interest liabilities, from tax levies of years prior to 1942, did not exceed $16,211,091.58 as of January 1, 1942, and (b) that the aggregate amount of its valid and subsisting bond redemption and interest liabilities, incurred during prior years, as of January 1, 1942, was $16,382,648.58. To accomplish this purpose, the resolution

made a reduction of $478,443 in the appropriation for "Bonds and Interest Maturities," decreasing the amount of $10,327,375 in the budget adopted in January, 1942, to $9,848,932, thereby making the total appropriation for bond redemption and interest funds, $16,382,648.58.

To obtain a reversal, the collector invokes section 236 of the Revenue Act of 1939, (Ill. Rev. Stat. 1945, chap. 120, par. 717,) formerly section 191a of the Revenue Act of 1872. (Laws of 1937, p. 1032.) So far as relevant, section 236 ordains: "In all judicial proceedings of any kind for the levying and collection of taxes, no error or informality of any officer or officers in making any tax levy or in certifying or filing the same not affecting the substantial justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax and where such an error or informality in a levy, its certification, filing or publication can be corrected by amendment, or a levy can be sufficiently itemized, the purpose defined and made certain by amendment, made prior to the entry of any order of court affecting said levy or the collection of taxes thereon, such amendment or amendments, certification, filing or publication may be made by the proper officer or officers * * * and the ordinance, resolution, publication or certificate, respectively, as amended, certified, filed or published, shall, upon proof of such amendment or amendments, * * * have the same force and effect as though originally adopted, published, filed and certified in the amended form: Provided the aggregate amount or rate of the original levy shall not be thereby increased."

Upon application for judgment and order of sale for a delinquent tax, amendments may properly be allowed by authority of section 236 of the Revenue Act where there has been an attempt to comply with the law but the attempt is ineffective on account of some informality or clerical error. (*People ex rel. Preisel* v. *New York Central Rail-*

road Co. 375 Ill. 574; *People ex rel: Anderson* v. *New York Central Railroad Co.* 314 Ill. 429; *People ex rel. Brockamp* v. *Brown,* 261 Ill. 73.) In particular, mere irregularities, informalities, omissions and defective acts of officers in the assessment, levy or collection of taxes not affecting the substantial justice of the tax itself will not vitiate the levy and render the tax illegal. (*Chicago and Northwestern Railway Co.* v. *People ex rel. McGough,* 193 Ill. 594; *People ex rel. Woody* v. *Smith,* 149 Ill. 549.) The court, in the exercise of its sound judicial discretion may correct the proceedings, supply defects, and make them conform to law, or permit the same to be done, in the presence of the court, by the officer occasioning the neglect or default. (*People ex rel. Woody* v. *Smith,* 149 Ill. 549.) Before the amendment or amended record can be introduced in evidence in the collector's proceeding, not only must there be evidence of a mistake in the original record but, in addition, proof that the amended record speaks the truth must be clear and satisfactory. (*People ex rel. Ferguson* v. *Schlitz Transfer Co.* 333 Ill. 333.) To this end, the provisions of section 236 have been construed liberally to effectuate the legislative intent in the correction of irregularities in the assessment and levy of taxes. Conversely, amendments cannot be allowed where they add matter which is essential as a basis for the levy of the tax. (*People ex rel. Schnipper* v. *Missouri Pacific Railroad Co.* 332 Ill. 53; *People ex rel. Brockamp* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624.) Again, the ameliorative provisions of section 236 cannot be invoked to render proceedings valid which are void *ab initio.* (*Chicago and Northwestern Railway Co.* v. *People ex rel. McGough,* 193 Ill. 594; *People ex rel. Woody* v. *Smith,* 149 Ill. 549.) In short, its application is limited to those cases where there has been an attempt to comply with the law but the attempt is ineffective by reason of some informality or

clerical error. (*People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450.) In *Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 594, this court pointedly said: "That section, [now section 236] however, is not to be construed as curing every defect in attempts to tax because the party taxed will pay no more for the support of the government in proportion to his property than other people who voluntarily pay the same tax. The substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose. Provisions of the statute designed for the protection of the taxpayer are mandatory, and a disregard of them will render the tax illegal." This court made like observations in *Holland* v. *People ex rel. Miller,* 189 Ill. 348, "Nothing was amended, corrected or supplied, but the court merely ordered that everything should be all right and in accordance with the law, although it was not so in fact or made so by amendment or correction."

An amendment purporting to validate the collection of a tax paid under protest, because levied for illegal purposes, assuredly affects the substantial justice of the tax. The manifest purpose of the amendment in the present case is to change the amounts appropriated. It cannot be said that such an amendment does not affect the substantial justice of the tax. The scope of section 236 of the Revenue Act, it must be remembered, is restricted to correcting errors in certification, filing and publication, insufficient itemization, and failure to define or make certain the purpose of a tax levy. (*People ex rel. Franklin* v. *Wabash Railway Co.* 387 Ill. 450.) Here, taxes levied to the extent of $478,443 are admittedly illegal under repeated decisions of this court. Defendant, the objector, has paid its taxes in full, under protest. If the amendatory resolution controls, the net effect is to exact illegal taxes from it and other taxpayers similarly situated. Since the board of

education lacked power to appropriate for the payment of principal and interest on bonds illegally issued to fund tax anticipation warrants, the defect in controversy is not an irregularity or informality which can be cured by section 236.

The collector's argument that the resolution amending the 1942 budget merely corrects an error not affecting the substantial justice of the levy itself misses the point. His statement that "The amendment does not affect the tax rate or the tax to be collected" is fallacious. The only purpose of the amendment is to prevent a reduction in the tax rate to the extent required by exclusion of the void levy of .0257 cents on each $100 of assessed valuation. A like assertion that "The amendment of the budget does not increase the original tax levy, and no taxpayer is harmed thereby" is delusive. Obviously, defendant, a taxpayer, would be harmed if denied the benefit of a reduction in taxes to which it is entitled upon elimination of the illegal appropriations for bonds and interest for which the board of education levied taxes. The amendment seeks to change the amounts appropriated. We cannot, under the guise of construction, in disregard of the intent and spirit of section 236, hold it to be an amendment to correct errors or omissions not affecting the substantial justice of the tax itself. As defendant succinctly says, "The result of the resolution is this: The objector is out of pocket the tax illegally collected from him."

It is true, of course, as the collector maintains, that a collective body having a clerk employed or authorized by law to keep its records has control of them and may amend them at any time according to the fact, even though they have once been approved. The right of legislative or collective bodies to amend their records does not depend upon section 236 of the Revenue Act but is a right common to such bodies generally. (*People ex rel. Stewart* v. *Chi-*

*cago, Milwaukee and St. Paul Railway Co.* 326 Ill. 179; *People ex rel. Dailey* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195.) These familiar rules do not aid the collector. The amendment made in March, 1945, to the budget adopted in January, 1942, does not fall within the rule allowing correction of records to speak the truth. Defendant's objection is directed against ·an affirmative 1942 tax levy to raise funds in 1942 to pay a void liability. The levy is illegal, and the arguments advanced to sustain it represent, for all practical purposes, a design to obtain, at this late day, a review of the *Granada* ·and *Siebel cases.* This, counsel for the collector cannot do. Section 236 of the Revenue Act affords no legitimate basis for the action of the board of education in adopting the resolution of March 28, 1945. This being so, the invalid levy of $478,443 remains void.

The collector insists, however, that, in amending the 'budget, the board did nothing more than to correct it so as to reflect changes resulting from decisions of this court rendered after the budget was adopted. Rejecting the same argument in *People* v. *Siebel,* 388 Ill. 98, we said: "The validity of a levy is to be determined as of the time the levy was made. Facts arising out of subsequent events can not be used to defeat the intent and purpose of the taxing body that made the levy." Manifestly, if a deficiency arises from the levy of an insufficient tax, or by reason of other errors, power to replenish the deficiency out of a tax levied for an illegal purpose is wanting. *People ex rel. Toman* v. *Central Plaza Hotel Corp.* 375 Ill. 114.

The judgment of the county court is affirmed.

*Judgment affirmed.*